## HENRY F. HALL *vs.* EUGENE S. APPEL.

Third Judicial District, Bridgeport, April Term, 1896. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN AND HAMERSLEY, Js.

The payee of a mortgage note for $500 payable in installments, agreed in writing to surrender the note to the maker on condition that he paid $400 within two months; and also on the same day orally agreed that the maker and mortgagor might cut and sell the wood on the mortgaged land, provided he would turn over "the avails" to the payee to be applied in part satisfaction of said sum of $400. The debtor cut and sold a portion of the wood for $150, and within the time limited tendered to the creditor $250 in cash and a written order for $150 on the purchaser of the wood, which the latter had previously indorsed "accepted." The creditor refused to accept the tender and brought a suit to foreclose the mortgage. *Held* that the oral agreement in relation to cutting and selling the wood and the disposition of the avails of such sale, was made merely to enable the debtor to raise part of the $400 in cash in this way, and did not change or qualify in any respect the written agreement as to payment; and that as payment of the $400 was a condition precedent to the surrender of the note, the tender made did not comply with the terms of that agreement.

The trial court did not find as a fact that the creditor expressly waived the performance of the condition, but only that the reasons given by him for his refusal to accept the tender, were not based upon any objection to the character of the money or of the order tendered. *Held* that inasmuch as the creditor was under no obligation to give any reasons for his refusal, the mere fact that he mentioned certain grounds of objection to the tender, was not of itself and as matter of law a waiver of other grounds not mentioned.

[Argued April 22d—decided June 5th, 1896.]

SUIT to foreclose a mortgage of real estate and for an injunction to restrain the defendant from cutting wood on the mortgaged premises ; brought to the Court of Common Pleas in New Haven County and tried to the court, *Hotchkiss, J.;* facts found and judgment rendered for the defendant upon his cross-complaint, and appeal by the plaintiff for alleged errors in the rulings of the court. *Error and judgment set aside.*

The case is sufficiently stated in the opinion.

*Henry G. Newton,* for the appellant (plaintiff).

*Joseph Sheldon*, for the appellee (defendant).

TORRANCE, J. This is a complaint to foreclose a mortgage, and for a temporary injunction. In his defense, among other things, the defendant alleged in substance, that prior to the bringing of this suit the plaintiff had agreed with the defendant to surrender to him the note secured by said mortgage, on the payment of $400 within two months from the date of said agreement; that he had duly tendered said $400 to the plaintiff within the time agreed upon; that the plaintiff had refused to accept said tender and to surrender said note as agreed; that he was still ready and willing to pay said money to the plaintiff, or into court for the plaintiff's use; and upon the facts so set up in his cross-complaint, the defendant claimed a surrender of the note and a release of the mortgage, described in the complaint.

The motion to amend the record, made in this court by the defendant, was not granted. The matters sought to be added to the record, occurred long after this appeal was completed, and formed no part of the record proper to come here by way of appeal.

One of the important questions in the court below, was whether or not upon the facts found with reference to the tender aforesaid, said tender fulfilled the terms of the agreement under which it was made, and thus entitled the defendant to the surrender of the note as agreed. The controlling facts upon this part of the case may be stated as follows:

On the 1st of April, 1895, the plaintiff held the note and mortgage described in the complaint. The note, made by the defendant, dated April 21st, 1892, for the sum of $500, was payable on demand to the order of the plaintiff, with interest and taxes. The court finds that "at the time of the execution of said note, or within a few days thereafter, the defendant called the attention of the plaintiff to the fact of said note being payable on demand, and of his inability to meet the same, and his liability to have the same enforced at any time, and thereupon the plaintiff indorsed on the back of said note the following: " It is understood and

agreed that this note and interest shall be due and payable
five dollars per month, with interest. H. F. Hall." The
only payments made upon said note up to and including
April 1st, 1895, were the following, which appear as indorse-
ments thereon: " Received on the within note $23, August 6,
1892. Received on within, April 1, 1895, $50."

On the 1st of April, 1895, the plaintiff signed and deliv-
ered to the defendant a writing of the following tenor :
" Wallingford, April 1, 1895. I hereby agree to release and
surrender a note I hold of Eugene S. Appel, bearing date
April 21st, 1892, for the sum of four hundred dollars ($400),
provided the same is paid two months from date ; otherwise,
the balance of the note shall be due, without any deduction
of the same if not paid in sixty days as agreed. Said note
secured by mortgage." Afterwards, upon the same day, the
parties orally agreed as follows: that the defendant might
cut the wood upon the mortgaged land, " provided he would
turn the avails over to the plaintiff, which avails the plain-
tiff agreed to accept in part satisfaction of said sum of four
hundred dollars, so to be paid in satisfaction of said note."
Thereafter the defendant cut a portion of said wood and sold
it to a corporation for the price of $150. On the 6th of May,
1895, the defendant drew his order on said corporation for
the price of said wood in favor of the plaintiff, in the follow-
ing form: " Pay to Henry F. Hall or order, one hundred and
fifty dollars ($150), and charge to my account." Said cor-
poration duly accepted said order in writing upon its face.
The court finds that said corporation was solvent, that the
acceptance was a valid and binding one, and that the order
would have been paid on presentation by the plaintiff.
Within the two months' time agreed upon, the defendant
tendered to the plaintiff, in performance of the written and
oral agreements of April 1st, 1895, said accepted order and
the sum of $250 in cash, and requested the surrender of the
note and a release of the mortgage, but the plaintiff refused
to accept the tender and refused to do as requested. The
court finds that such refusal was " based on matters arising
from another controversy, to which the defendant was a

party, and which the plaintiff desired the defendant to adjust; and that the said refusal was not based upon any objection to the character of the money or of the order." The court also finds that the "defendant undertook in good faith to carry out and has as aforesaid carried out his said agreement with the plaintiff, and that in equity and good conscience the plaintiff ought to have accepted the said money and order, and to have delivered up said mortgage note and released said mortgage."

Upon the facts found, the court below held the tender of the money and the order to be a good tender of the $400 under the written and oral agreements of April 1st, 1895; and in this we think the court erred. In reaching this conclusion we assume, for the purposes of the argument merely, that the agreements of April 1st, 1895, were made upon a legally sufficient consideration, as claimed by the defendant. As they are stated upon the record, these agreements of April 1st, 1895, are agreements on the part of the plaintiff alone; the defendant does not agree or promise to do anything. In the written one, the plaintiff agrees to give up the note on condition that the defendant pays $400 in cash within the time agreed upon; while in the oral one, made after the written one, but on the same day, the plaintiff agrees to accept the "avails" of the sales of wood to be made by defendant from the mortgaged land, "in part satisfaction of said sum of four hundred dollars, so to be paid in satisfaction of said note."

This subsequent oral agreement, in effect merely gave the defendant permission to lesson the value of the mortgage security by cutting and selling wood therefrom, on condition that he would turn over the "avails" of such sales—that is the money obtained therefrom—to the plaintiff. It was made merely to enable the defendant to raise part of the $400 in cash in this way; and the plaintiff agreed to accept the "avails"—that is the money—realized from such sales, as a part of the $400 in cash to be paid under the written agreement.

The oral agreement, then, does not change nor qualify the written agreement, in any respect; it in effect merely pro-

Hall *v.* Appel.

vides how part of the money to be paid under the written agreement, may be obtained. The payment of $400 in cash was thus a condition precedent to the surrender of the note. The plaintiff did not agree to accept an order of any kind whatever, in whole or in part payment; he agreed to accept cash and cash only. It may be conceded for the sake of argument, as claimed by the defendant, that in the present case a tender duly made in accordance with the terms of the written agreement, would be as effectual for the defendant as an actual payment; but this concession cannot avail the defendant unless his tender was so made; and clearly it was not. The $400 was neither paid nor tendered in cash at all; and so one of the essential conditions precedent to the surrender of the note was not performed, nor was there any effectual tender of performance.

Unless, then, the court below has found expressly or by necessary implication that the plaintiff waived performance of this condition, it erred in holding that the tender was sufficient. It is not found as a fact that the plaintiff expressly waived performance of this condition; nor does it necessarily follow as a conclusion of law from the facts found, that he did so. He gave certain reasons for his refusal, " which were not based upon any objection to the character of the money or the order;" but he was under no obligation to give any reasons for his refusal; and the mere fact that he mentioned certain grounds of objection to the tender is not of itself a waiver of other grounds not mentioned. If there was a waver in point of fact, the court should have found it expressly or impliedly; and not having done so, this court cannot say, as matter of law from the facts found upon this point, that there was any such waiver.

The conclusion reached upon this point in the case, renders it unnecessary to discuss or to decide the other errors assigned upon the appeal.

There is error in the judgment of the court below and it is set aside.

In this opinion the other judges concurred.