*PROVIDENT SAVINGS L. ASSUR. CO. v. JESSIE DECAMP STATLER.

1. Insured under Life Policy Induced by Fraud may Recover Full Amount of Premiums and Interest.

It is the settled law of this state that the holder of a policy of life insurance induced by fraud and misrepresentation may, by an action brought in due time, recover from the insurance company the amount of premiums paid with interest thereon and without deduction for intervening insurance which he has had and enjoyed.

2. Limitation of Agent's Authority Endorsed on Policy, Receipts, not Defense in Suit for Recovery of Premiums.

A limitation of the authority of agents, endorsed on the policy and on notices and receipts sent to the policy holder, are not available to the company as a defense, where the policy holder opened negotiations with the company direct and dealt with one who was termed "manager."

3. Representations to Prospective Insured Regarding Profits Accruing to Insurer Question for Jury.

Representations made to a prospective policy holder as to profits accruing to the company, based upon past experience of the company, may have been intended as more than mere opinion and have constituted a representation as to the present condition of the company and its earning capacity upon which the assured had a right to rely, and the question of fact as to the meaning of such representations and the intention with which they were made, unlike the construction of a contract, may properly be submitted to the jury under proper instructions.

*Affirmed, no op., Provident L. Assur. Soc. v. Statler, 88 O. S. 549.

Miami County Circuit.

**4. Wide Departure between Calculations as to Profits when Insured and Realizations Later Evidence of Fraud—not Controlled by Limitations.**

> A wide departure between the calculations made as to profits at the time the policy was taken out and the realization eight years later, constitutes evidence which may be considered by the jury upon the question of the falsity of the representations; and in an action for the recovery back of premiums paid no bar is raised by the provisions of Sec. 9403 G. C., nor by the four years' statute of limitations where the petition alleges that the plaintiff continued to rely upon the representations in making his quarterly premiums, nor is the claim available to the company that the plaintiff should have read his policy where the falsity of the representations as to profits would not have been revealed by such reading.

**5. Finding of Jury that Insured Relied on Representations not Disturbed because so Extravagant as to Impute Notice.**

> A jury having found that the policy holder did rely upon the representations so made to him as to profits, their finding will not be disturbed on the ground that the representations were so extravagant and the returns so large as to constitute notice to a reasonable person as to their falsity and negative any weight to rely thereon.

[Syllabus by the court.]

ERROR to common pleas court.

*Broomhall & Broomhall,* for plaintiff in error:

Cited and commented upon by the following authorities: *Aetna Ins. Co.* v. *Reed,* 33 Ohio St. 283; *Armstrong* v. *Karshner,* 47 Ohio St. 276 [24 N. E. Rep. 897]; *Langdon* v. *Insurance Co.* 199 N. Y. 188 [92 N. E. Rep. 440]; *Vorys* v. *State,* 67 Ohio St. 15 [65 N. E. Rep. 150]; *Proseck* v. *State,* 38 Ohio St. 606; *Welker* v. *Toledo,* 18 Ohio St. 453; *Rindskopf Bros. & Co.* v. *Doman,* 28 Ohio St. 516; *Provident Sav. L. Assur. Soc.* v. *Withers,* 132 Ky. 541 [116 S. W. Rep. 350]; *Union Cent. L. Ins. Co.* v. *Hook,* 62 Ohio St. 256 [56 N. E. Rep. 906]; *Bostwick* v. *Insurance Co.* 116 Wis. 392 [89 N. W. Rep. 538; 92 N. W. Rep. 246; 67 L. R. A. 705n]; *United States L. Ins. Co.* v. *Wright,* 33 Ohio St. 533; May, Insurance Sec. 567; *Connecticut Mut. L. Ins. Co.* v. *Pyle,* 44 Ohio St. 19 [4 N. E. Rep. 465]; *Metropolitan L. Ins. Co.* v. *Felix,* 73 Ohio St. 46 [75 N. E. Rep. 941; 4 Ann. Cas. 121]; *Fulton* v. *Insurance Co.* 7 Ohio (pt. 2) 5; *Landis* v. *Kelly,* 27 Ohio St. 569; Thompson, Trials Sec. 1072; *Fry* v. *Insurance Co.* 40 Ohio St. 108; Thompson, Trials Secs. 2309, 2315; *Crooks* v. *Eldrige,* 64 Ohio St. 195 [60 N. E. Rep. 203];

*Breese* v. *State,* 12 Ohio St. 146 [80 Am. Dec. 340] ; *Washington Mut. Ins. Co.* v. *Insurance Co.* 5 Ohio St. 450; *White* v. *Thomas,* 12 Ohio St. 312 [80 Am. Dec. 347] ; *Pittsburgh, Ft. W. Ry.* v. *Slusser,* 19 Ohio St. 157; *Hadley* v. *Importing Co.* 13 Ohio St. 502 [82 Am. Dec. 454] ; *Steel* v. *Kurtz,* 28 Ohio St. 192.

*Ferdinand Jelke, Jr.,* and *C. B. Jameson,* for defendant in error:

Cited and commented upon by the following authorities: *McKay* v. *Insurance Co.* 124 Cal. 270 [56 Pac. Rep. 1112] ; I May, Insurance p. 231; *Kehm* v. *Insurance Co.* 11 Dec. 739 (8 N. P. 542) ; *Electic Life Ins. Co.* v. *Fahrenkrug,* 68 Ill. 463; *United States Life Ins. Co.* v. *Wright,* 33 Ohio St. 533; 14 Am. & Eng. Enc. Law (2 ed.) 206, 208; *Floyd* v. *Paul,* 6 Dec. Re. 1185 (12 Rec. 231) ; *Hetland* v. *Bilstad,* 140 Iowa 411 [118 N. W. Rep. 422] ; *Buena Vista Co.* v. *Billmyer,* 48 W. Va. 382 [37 S. E. Rep. 583] ; *American Nat. Bank* v. *Hammond,* 25 Colo. 367 [55 Pac. Rep. 1090] ; *Clayton* v. *Cavender,* 1 Marv. (Del.) 191 [40 Atl. Rep. 956] ; *Abat* v. *Segura,* 6 Mart. N. S. (La.) 237 ; *Andrews* v. *Jackson,* 168 Mass. 266 [47 N. E. Rep. 412; 37 L. R. A. 402; 60 Am. St. Rep. 390] ; *Brown* v. *Bayer,* 91 Minn. 140 [97 N. W. Rep. 736] ; *Snively* v. *Meixsell,* 97 Ill. App. 365; *Stubbs* v. *Johnson,* 127 Mass. 219; *Simar* v. *Canaday,* 53 N. Y. 298 [13 Am. Rep. 523] ; *Beckwith* v. *Ryan,* 66 Conn. 589 [34 Atl. Rep. 488] ; *Equitable Life* v. *Maverick,* 78 S. W. Rep. 560; (Tex. Civ. App.) ; *Rohrschneider* v. *Insurance Co.* 76 N. Y. 216 [32 Am. Rep. 290] ; I Biddle, Insurance 431; *Gerhard* v. *Bates,* 2 E. & B. 476; *Edgington* v. *Fitzmaurice,* 29 Ch. D. 459; *Union Cent. L. Ins. Co.* v. *Pottker,* 33 Ohio St. 466 [31 Am. Rep. 555].

**ALLREAD, J.**

Jessie DeCamp Statler brought suit in the court of common pleas to recover the amount of certain premiums paid by her upon an insurance policy, with interest. She claims as a foundation of the action that she was induced to give up a yearly renewable term policy upon the life of her father, Ezekiel L. DeCamp, and take a level rate premium policy on a twenty year limited plan and keep up the premiums thereon,

upon certain representations of the company. The material representations of the petition are that:

"Defendant company further represented to this plaintiff that the new policy would provide for paid up insurance, extended insurance, and additions at death, and participation in profits which in a few years would fully offset and pay the notes exacted on account of the reserve against the policy. Plaintiff further says that the said defendant company represented that at the expiration of the term in May, 1908, all premiums having been paid, said policy would become paid up for life in the sum of $5,000 and that there would be due in cash on account of the shares of the profits found to be apportionable to said policy over and above all notes and interest, a balance of $1,144.90."

Appropriate averments were made showing the falsity of the representations and the reliance of plaintiff thereon. The issues were joined and the case was tried, resulting in a verdict for the plaintiff for the full amount claimed.

The cause is here upon petition in error.

It is, we think, settled in this state that a policy holder whose policy has been induced by fraudulent misrepresentations, may, by action brought in due time, recover of the insurance company the amount, with interest, of the premiums paid, and without deductions for supposed benefit of intervening insurance. *Union Cent. L. Ins. Co.* v. *Pottker*, 33 Ohio St. 459, 466; *United States L. Ins. Co.* v. *Wright*, 33 Ohio St. 533. See *Caldwell* v. *Insurance Co.* 140 N. C. 100 [52 S. E. Rep. 252].

The assurance company contends that the agent making the representations had no authority to bind the company. This contention is founded upon a limitation of authority of agents endorsed upon notices and receipts of premiums sent to policy holders, and by the following endorsement on the policy:

"Agents are not authorizing to make, alter or discharge these contracts or to waive any of the provisions thereof or to extend these assurances or to grant permits or to bind the society in any way."

In making this contention, however, we think that the im-

portant fact is overlooked, that the transaction here was had through a special representative. Negotiations were opened up by the policy holder with the company direct. It is not clear how Bosworth & Company, for whom Rohrer acted, were brought into the transaction. But it is shown by satisfactory evidence that they acted for the company and as its special representative in making the exchange of policies, and were referred to by the company in the negotiations as "our manager at Cincinnati." There was no intimation in the present transaction of limited authority, until it came to the endorsement on the policy. Whatever might be the binding force of a limitation of this kind upon soliciting agents or even so-called general agents, it should not be extended to apply to a "manager." The authority of a manager is generally understood to be unlimited as to scope. It is true that the letter of the company to DeCamp in which Bosworth & Company were styled "manager" was subsequent to the representations, but it was pending the transaction, and before entirely concluded, and before the premiums were paid. If the company, instead of representing Bosworth & Company as "manager," had stated that they were limited agents, having no authority to bind the company, a different case would be presented. Rohrer acted for Bosworth & Company and presented the representations prepared explaining the policy and making the representations the company is bound. The court of common pleas rejected evidence of the private contract between Bosworth & Company and the Assurance Company. This was entirely proper in view of the express authority contained in the letter to DeCamp.

It is contended that the Rohrer letter upon which the plaintiff relies is neither false nor misleading, and that the policy holder had no right to rely and did not in fact rely thereon.

It will be noted that the profits of the assurance company was a material consideration in several clauses and features of the policy. While the loan values and additions at death are expressly stated and guaranteed in the policy, the amount of the profits are not stated nor is any basis given in the policy for calculation. Clause 4 on page 2 of the policy provides for

distribution of profits, and under the guarantee clause on page 3 the policy holder may, at the end of the accumulation period, surrender the policy and receive $3,950, and in addition thereto the cash profits. Under another clause on the same page the assured is authorized to continue the insurance as a paid.up life contract for its full amount and draw profits in cash.

The Rohrer letter and statement contain certain representations as to profits based upon past experience of the company. Such assurances may fairly have been intended to be more than mere opinion. They may have constituted a representation of the present condition of the company and its earning capacity, upon which the assured had a right to rely. Both DeCamp and Mr. Statler testify that they did rely upon Rohrer's representation, and while they made inquiry of others as to certain féatures and for advice, there is not sufficient evidence to overthrow their testimony that they did in fact rely upon the representations of the Rohrer letter. It is insisted that the Rohrer letter is based upon the condition "all premiums having been paid," and that this includes the payment of all the premiums from 1888, and that the policy holder having only paid the premiums from 1890 did not come within the scope of the representations. This construction of the Rohrer letter is more ingenious than convincing. The representation was made with reference to the identical policy proposed to be exchanged and was intended to include the payment only of premiums called for in the exchange. It would be unreasonable, in our view, to assume that the letter contemplated the payment of premiums which were never to be paid or called for under the exchange. And also we think that the contention of counsel for plaintiff in error as to the construction to be given of the clause of the Rohrer letter in reference to paid up insurance, extended insurance, and additions at death offsetting the lien against the policy is too narrow to be adopted by the court.

Whether the statements in the Rohrer letter were actually intended in the sense contended for by counsel for plaintiff below

Assurance  Co.  v.  Statler.

was submitted to the jury under proper instructions. as a question of fact.

It is also urged that the representations of the letter are so extravagant and the returns so large as to constitute notice to a reasonable person of their falsity and negative any right of reliance thereon. Whether the policy holder did in fact rely upon the representations is a question of fact to be determined from the evidence, and we are not prepared to lay down a proposition that would permit the perpetrator of a great fraud to escape the consequences thereof because of the extravagance of the representations and credulity of the person defrauded. When the question of fact is fairly determined that the party defrauded did in fact believe and rely upon the representations and parted with value, it is not competent for the one guilty of the fraud to set forth in justification that the party defrauded was too credulous and ought to have exercised better judgment. Again, it is urged that the representations of the Rohrer letter are mere estimates of future earnings and as such did not legally justify reliance thereon.

The representation of the Rohrer letter in this respect is as follows:

"At the expiration of the term (1908), all premiums having been paid, the policy becomes paid up for life, $5,000, and there is due in cash the shares of the profits then found to be apportionable to said policy. Past experience of our company warrants us in figuring such policies as yours at a dividend paying basis of $920 on each $1,000 of insurance, which would figure your policy at $4,600 less notes and interest, $3,455.10, leaving a cash balance of $1,144.90, and a paid up contract for life for $5,000."

This representation is one of present condition of the company based upon past experience. It may be considered a representation of an existing fact, to wit, existing condition as represented by past experience, from which the company, through its agent, merely calculated as to future results as a bank figures dividends. It is not necessarily based upon the future uncertainties but reflects upon present conditions. The

policy holder was, therefore, entitled to rely upon this representation, and the representation tends to sustain the charge made in the petition in reference to "paid up insurance" and "participation in profits."

It is urged that there is no proof of the falsity of the representation of the Rohrer letter as to existing condition of the company as to profits. The representation is, in substance, that, based upon past experience, they were warranted in figuring this policy on a dividend paying basis of $920 on each $1,000 of insurance, and that this would figure the policy under consideration at $4,600, less notes and interest, leaving a cash balance of $1,144.90, together with paid up insurance of $5,000.

It is true that there is no exhibition in evidence of the precise condition of the company at the time this representation was made, but that is not essential. The company itself admits in 1908 such a state of affairs as to constitute a wide departure from its assurances based upon past experience and present condition. Instead of the profits of the company being such as to offset the reserve note, the condition of the company proved to be such that the assured would only receive by surrendering his policy and all benefits thereof $134.90 in addition to the reserve note and contract. The wide departure between the calculations made in 1900 and realization in 1908 is some evidence to be considered by the jury upon the subject of the falsity of the representations in the Rohrer letter. The only explanation attempted to be made is the reduction in the approved values of the real estate in the sum of $440,000 made by the New York insurance department. This reduction may be fairly considered as tending to show the inferior condition of the assets of the company rather than as a satisfactory explanation of reduced profits.

It is figured that the assurances in the Rohrer letter, whether considered as a contract or as a representation, was in violation of Sec. 9403 G. C. and should not therefore be made the basis of a cause of action.

We are unable to understand how any of the provisions of this statute prevents a right of action for fraudulent representa-

Assurance Co. v. Statler.

tions.  This action does not seek to enforce the representations as a contract, but simply to recover the premiums that would not have been paid except for the representations.  There is no discrimination contemplated in the representations.  There is no intimation in the representations that Mrs. Statler was getting a better policy than others issued by the company.  The representations affect matters *de hors* the contract.  It was not the intention of the legislature, in our opinion, by this statute to prevent the recovery back of premiums secured by fraud.

It is contended in the brief in this court that it is not shown that the action was brought within four years after the fraud was or ought to have been discovered.  We are not advised as to whether this question was made in the trial court.  There was no demurrer filed to the petition, the defense of the statute of limitations was not made in the answer, nor was there any special request of the court to charge upon this subject.  The first occasion when the question could have been considered was on the demurrer to the reply.

The allegation of the petition, that the plaintiff continued to rely upon the representations in making the several quarterly payments of premium, in connection with the still broader averments of the reply in that respect, justified the overruling of the demurrer.  The evidence offered on the trial tends to show that the falsity of the representations as to profits was not discovered until after the accumulation period, and it does not appear that there was any such state of facts brought to the notice of the policy holder before that time as would lead to a discovery of the facts.

Cases are cited by counsel for plaintiff in error in which it is held that the insured is bound to read the policy, and if it fairly appears therefrom that the falsity of the representation could have been discovered from the policy, the assured is held bound thereby.  But so far as the cash profits are concerned no examination, reading or spelling out of the entire policy gives any notice of the falsity of the representations as to the amount.

The court also submitted to the jury the question of fact as to whether the representations as to the amount of profits were

intended to be representations of existing fact, estimate or opinion of future profits. See *Williams* v. *State,* 77 Ohio St. 468 [83 N. E. Rep. 802; 14 L. R. A. (N. S.) 1197]; *Beckwith* v. *Ryan,* 66 Conn. 589 [34 Atl. Rep. 488]; *Rohrschneider* v. *Insurance Co.* 76 N. Y. 216 [32 Am. Rep. 290].

The verdict of the jury under these instructions amounts to a determination of fact so far as susceptible of that meaning in favor of the plaintiff, and ought not to be disturbed, unless manifestly against the evidence.

We have carefully examined the special charges and the general charge of the court and find no prejudicial error therein. There is ample authority in the cases cited by counsel for the defendant in error to sustain the action of the court in submitting to the jury the question of the representations and the meaning of the representations of the Rohrer letter. In fact counsel for plaintiff in error submitted special charges to that effect, which were given. The question of fact as to the meaning of representations, although in writing, is unlike the construction of a contract. The latter should be decided by the court; the former may be left to the jury.

It is contended that the policy offered no promise of definite profits, and that, therefore, the policy holder was bound to inquire. We think this is fully met by the proposition that she relied upon the representation of an authorized agent of the company as to condition and earning capacity. It is also contended that the court improperly submitted to the jury the question of whether the policy itself was misrepresented. It is argued that the policy holder was bound to read the policy and was therefore charged with knowledge of its contents.

There are in some two or three paragraphs of the charge of the court references to misrepresentation as to the terms and provisions of the policy. But as the case was clearly reduced by the court to misrepresentation of the condition of the company as to profits, the amounts of which were not defined in any clause of the policy, the charge of the court in this respect was not prejudicial error.

The request to withdraw the representation as to "paid-up

insurance, extended insurance," and "additions at death," off-setting the lien, was properly refused. There was evidence tending to show misrepresentations as to "paid-up insurance," and hence the special request was faulty. The general charge we think properly reduced consideration to the question of misrepresentation of the condition as to profits.

Counsel raise an objection as to defect of parties, but in our opinion all the necessary parties are before the court.

We find no prejudicial error in the record, and the judgment is affirmed.

**Ferneding** and **Dustin, JJ.,** concur.