THE GEORGE S. CHATFIELD COMPANY *vs.* JOHN O'NEILL
ET AL.

Third Judicial District, New Haven, January Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Under the clause of a building contract providing that the decision
of the architect as to the construction and meaning of the drawings
and specifications shall be final, his determination of what items of
work are included within the contract and what are extras, if made
in good faith, is conclusive and obligatory upon the parties; but
his mere statement that items are allowed or disallowed, without
any indication as to the basis for their allowance or disallowance,
is not such a decision as the clause in question contemplates.

A finding that the decision of the architect was not fair nor made upon
reasonable grounds although "he honestly tried within his limita-
tions," is not only far from a finding of fraud upon his part, but is
practically equivalent to a finding that he acted in good faith.

Mere incompetency or negligence of an architect will not avoid the
effect of a decision by him, unless his negligence be so gross as to
amount to fraud or bad faith.

The owner of a building under construction may waive or abandon his
right to insist upon a literal compliance with the provision in the
building contract that the architect shall decide upon the claims of
the contractor; and the question whether the owner has done so
or not in a given case is one of fact, the determination of which
this court cannot review on appeal, at least in the absence of any
motion to correct the finding upon this point.

Argued January 20th—decided February 23d, 1915.

ACTION upon the so-called common counts to recover
an alleged balance due on a building contract, and the
reasonable worth of extra labor and materials furnished,
brought to and tried by the Superior Court in New
Haven County, *Tuttle, J.;* facts found and judgment
rendered for the plaintiff for $3,066, and appeal by the
defendant Mary E. O'Neill, executrix. *No error.*

*Walter E. Monagan,* for the appellant (defendant
Mary E. O'Neill, executrix).

*Lawrence L. Lewis,* for the appellee (plaintiff).

WHEELER, J. The plaintiff sues to recover the balance of the contract price alleged to be due under a building contract, and for extras furnished by it to the defendant.

The defendant pursues in his appeal only one of the errors assigned, viz: that the trial court erred in overruling his claim that the decision of the architect as to the true intent and meaning of the plans and specifications, and as to what were extras and the amount to be allowed therefor, was final and conclusive upon the parties to the contract.

Article II of the contract was as follows: "It is understood and agreed by and between the parties hereto that the work included in this contract is to be done under the direction of the said architects, and that their decision as to the true construction and meaning of the drawings and specifications shall be final."

Under this clause the decision of the architect as to the true construction and meaning of the drawings and specifications was final and binding on the parties, unless the decision resulted from the fraud or bad faith of the architect. This rule is universally applied by the authorities. Under a similar provision of a building contract, we held that the final certificate of the architect was "admissible to show that a condition in the contract precedent to a right to have payment, had been satisfied, to wit, the presentation of the architect's certificate, and that his approval of the plaintiff's work, as being in conformity to the drawings and specifications according to their construction and meaning, had been given." *O'Loughlin* v. *Poli,* 82 Conn. 427, 436, 74 Atl. 763; *Beattie* v. *McMullen,* 82 Conn. 484, 74 Atl. 767; cases cited in note to *City Street Imp.*

*Co.* v. *Marysville,* 23 L. R. A. (N. S.) 317 (155 Cal. 419, 101 Pac. 308); and in note to *Boettler* v. *Tendrick,* 5 L. R. A. 273 (73 Tex. 488, 11 S. W. 497).

In this case the decision of the architect as to most items did not determine whether the items were within or without the plans and specifications. His mere statement that the items were allowed or disallowed does not apprise us of the basis of their allowance or disallowance. As to other items, it clearly appears that the architect did decide that they were within the plans and specifications, and hence were not extras. If this were all that the finding revealed, we should be obliged to hold that the court's ruling was erroneous and harmful. The court finds that the decision of the architect was not fair, nor made upon reasonable grounds. This is far from finding that the architect decided in fraud or bad faith. Indeed, the trial court negatives fraud or bad faith on the part of the architect, for it finds that the architect " was in no position to make a fair and reasonable award, and did not do so although he honestly tried within his limitations." This is the equivalent of a finding that the architect acted in good faith.

The trial court improperly held that the decision of the architect was not made on reasonable grounds because, through his neglect and inefficiency, delay and expense in the construction of the building were entailed. The mere incompetency or negligence of the architect will not avoid the effect of a decision by him, unless his negligence be so gross as to amount to fraud or bad faith. *Chicago, S. F. & C. R. Co.* v. *Price,* 138 U. S. 185, 11 Sup. Ct. Rep. 290.

The trial court further held that the defendant had waived and abandoned his right to require a literal compliance with this provision of the contract, through the numerous changes and alterations in the contract made

Petello *v.* Teutonia Fire Ins. Co.

by the parties. No motion to correct the finding in these particulars is made. We cannot revise this finding, for a finding of waiver or abandonment is one of fact. We so held, as to waiver, in *Hall* v. *Appel,* 67 Conn. 585, 35 Atl. 524; *O'Loughlin* v. *Poli,* 82 Conn. 427, 436, 74 Atl. 763; *New Haven Wire Co. Cases,* 57 Conn. 352, 387, 18 Atl. 266; and as to abandonment, in *Hartford* v. *New York & N. E. R. Co.,* 59 Conn. 250, 259, 22 Atl. 37; *McLaughlin* v. *Thomas,* 86 Conn. 252, 258, 85 Atl. 370.

We must presume that the trial court overruled the defendant's claim that the decision of the architect was final and conclusive upon the parties, in view of its finding that this provision of the contract, by reason of a waiver and abandonment, was no longer in existence. This finding makes harmless the erroneous rulings.

There is no error.

In this opinion the other judges concurred.