GEORGE M. FRIEND ET AL. *v.* CHARLES A. GREEN ET AL.

DALY, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued March 3—decided April 28, 1959

*Vincent P. Adley,* for the appellants (defendants Green).[1]

*Robert A. Slavitt,* for the appellees (plaintiffs).

*Samuel R. Dorrance,* for the appellees (defendants Page et al.).

*Robert T. Gilhuly,* with whom, on the brief, were *Morgan P. Ames* and *F. Richards Ford III,* for the appellee (defendant Ring's End Fuel Company, Inc.).

MELLITZ, J. The plaintiffs, herein referred to as the contractors, brought this action to foreclose a mechanic's lien on the property of the defendants Green, herein referred to as the owners, for services rendered and materials furnished in the construction of an addition to their residence. By cross complaints, foreclosure of other mechanics' liens filed in

---

[1] The appendix to the brief of the defendants Green was ordered stricken from the files because it was found to contain unwarranted aspersions upon the trial court and counsel. was not vouched for by the attorney submitting the brief, and failed to serve any legitimate purpose of an appendix.

connection with the same project was sought by the defendants Page and Franklin, herein referred to as the architects, and the defendant Ring's End Fuel Company, Inc., a supplier of materials. The owners counterclaimed against the contractors and against the architects, seeking damages for alleged breaches of contract. The trial court found against the owners on the counterclaims and rendered a judgment of foreclosure as to each of the mechanics' liens. The owners have appealed. Fifteen pages of the record are devoted to the printing of a draft finding filed by the owners in connection with assignments of error attacking the finding of the trial court. Fifty paragraphs of the draft finding are sought to be added to the finding, and thirty-seven paragraphs of the finding are attacked as found without evidence. No correction of the finding may be made, since none of these assignments of error are pursued in the owners' brief and they must, accordingly, be treated as abandoned. Maltbie, Conn. App. Proc. § 327.

The contract between the owners and the contractors provided that "the Architect is, in the first instance, the interpreter of the conditions of the Contract and the judge of its performance"; that the architect should "make decisions on all claims of the Owner or Contractor and on all other matters relating to the execution and progress of the work or the interpretation of the Contract Documents"; that, except in certain respects not here applicable, "all the Architect's decisions are subject to arbitration"; that all disputes, claims or questions subject to arbitration under the contract should be submitted to arbitration in accordance with the provisions of the standard form of arbitration procedure of the American Institute of Architects; and that the decision of

the arbitrators should be a condition precedent to any right of legal action that either party might have against the other.

The court found the following facts: During the course of the construction, the owners complained to the architects concerning the work of the contractors with respect to installation of the roof, the application and laying of sheathing on a sun deck, the repair of an outside terrace, and the installation of duct work. The principal complaint related to the duct system, which the owners claimed was not installed in accordance with the plans and specifications, although as installed by the contractors the work was in accord with the architects' decisions and instructions. As to each of the complaints the architects made a decision in good faith, and as to all of the complaints the contractors complied with the decisions of the architects. The owners failed to seek arbitration of the decisions and refused to request a stay of proceedings, suggested by the court during the trial, to permit arbitration. The contract called for payment of the contract price in six instalments on issuance of certificates by the architects for such amounts as they decided were properly due. The contractors performed the work required to qualify them to receive five instalments, which the architects approved and certified for payment. When the contractors were ordered off the job by the owners, they had also performed the greater portion of the work required to qualify them for the sixth instalment. They substantially completed all the work they were required to perform under the contract. The owners failed to pay the fourth and fifth instalments and refused to make any further payment until the duct work was installed in the manner they desired.

The court concluded that the owners, "having stated that they were not claiming fraud, collusion or bad faith with respect to the architects' decisions, and not having appealed such decisions to arbitration as provided for in the contract, [were] bound by the architects' decisions with respect to the interpretation of the plans and specifications and the performance of the work by the contractors" and were obligated to make the payments certified by the architects as due and payable to the contractors.

In the absence of fraud or bad faith in the issuance of the certificates, the contractors were entitled to payment of the sums certified by the architects to be due and payable for work performed by the contractors. The complaints of the owners were made, in the first instance, about the decisions of the architects in their interpretation of the plans and specifications and their approval of the work performed by the contractors. Under the contract, these decisions were required to be made by the architects and it was specifically provided that in the event of a dispute all such decisions were to be the subject of arbitration. By failing to take the steps toward arbitration set forth in the contract and refusing to avail themselves of the opportunity afforded them by the trial court to have the dispute arbitrated, the owners waived their right to challenge the decisions rendered by the architects with respect to the interpretation of the plans and specifications and the performance of the work under the contract. *Batter Building Materials Co.* v. *Kirschner,* 142 Conn. 1, 11, 110 A.2d 464. The decisions of the architects were final and binding upon the parties, unless they resulted from fraud or bad faith. *George S. Chatfield Co.* v. *O'Neill,* 89 Conn. 172, 173, 93 A. 133. The court specifically found that these decisions were

made in good faith and were not the result of fraud or collusion with the contractors. It was not within the authority of the court to substitute its decision for that of the architects. *Dahl* v. *Edwin Moss & Son, Inc.,* 136 Conn. 147, 153, 69 A.2d 562. The court correctly concluded that under the circumstances the certificates issued by the architects entitled the contractors to payment of the sums certified by the architects to be properly due.

Assignments of error in rulings on evidence dealing with the owners' challenge of the architects' decisions require no discussion. In the third sentence of the fifth paragraph of the judgment, the counterclaim filed against the architects is incorrectly referred to as a cross complaint. The trial court should correct the judgment in this respect.

There is no error; the cause must be remanded with direction to modify the judgment in accordance with this opinion and by fixing new law days.

In this opinion the other judges concurred.