**E. TOTONELLY SONS, INC., OF NEW-BURGH, NEW YORK, Plaintiff-Appellant,**

v.

**TOWN OF FAIRFIELD, Defendant-Appellee.**

**No. 346, Docket 26531.**

United States Court of Appeals Second Circuit.

Argued May 23, 1961.

Decided June 30, 1961.

Walter W. Downs, Hartford, Conn. (Stickles, Hayden & Young and J. Francis Hayden, New York City, on the brief), for plaintiff-appellant.

David S. Maclay, Bridgeport, Conn. (Marsh, Day & Calhoun, Bridgeport, Conn., on the brief), for defendant-appellant.

Before CLARK, HINCKS and WATERMAN, Circuit Judges.

**404**

HINCKS, Circuit Judge.

Plaintiff, a contractor, was engaged by the defendant Town to construct and install certain sewers. Because of the excessive infiltration of ground water into the sewer lines, the defendant was unsatisfied with the result of plaintiff's work and withheld payments under the contract. This lawsuit followed. Plaintiff appeals from the dismissal of its complaint, which sought to recover contract balances, claims for additional work, and damages for the Town's alleged breach of contract, and from the earlier entry of summary judgment against it on counts for additional work due to subsurface conditions not shown in the plans and specifications and for damages resulting from the stoppage of work because of the defendant Town's failure to obtain easements. Plaintiff also appeals from a judgment awarded to the Town on its counterclaim for amounts expended on the repairs necessitated by plaintiff's defective work.

The trial of this case was before Judge Anderson, sitting without a jury, and extended over a period of eighty-three trial days, from June 7, 1956 to June 14, 1957. In his decision, filed March 24, 1958, Judge Anderson made sixty-six detailed findings of fact and concluded that "the plaintiff did not fulfill its obligations under the contract either completely or substantially and thereby breached the contract without justification or excuse." In short, Judge Anderson found plaintiff's workmanship to be faulty and that the excessive infiltration was not attributable to any inadequacy in the defendant's plans and specifications. Accordingly, he dismissed the first five counts of the complaint and awarded damages to the defendant on its counterclaim.

■ The main thrust of plaintiff's argument on appeal is pitched on attacks upon Judge Anderson's findings. It is argued in great detail that a bulkhead erected by the Town caused damage to the joints in the sewer lines; also that the Town's specification of vitrified clay pipe and bituminous joints in "wet" conditions was the cause of the excessive infiltration. After careful examination of the record bearing on these contentions we are satisfied that none of the challenged findings, either those pertaining to the central problem of the responsibility for the excessive infiltration or those involving ancillary issues, are "clearly erroneous" under Fed.R.Civ.P. 52(a), 28 U.S. C.A.

The principal argument directed against the challenged findings, and the only one which we will discuss, is that there was no causal connection proved between plaintiff's defective workmanship and the excessive infiltration. Reliance is placed upon Town of Milford v. O'Neil Bros., Inc., 8 Conn.Sup. 403, a case which also involved excessive ground water infiltration and charges of faulty workmanship in sewer construction. But O'Neil, even if determinative of the law of Connecticut under the doctrine of Fidelity Union Trust Co. v. Field, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109, does not determine the facts of this case. And merely because a workmanship-infiltration link did not exist in O'Neil, it does not follow that such a link was not proved here. In O'Neil, the town produced no evidence of fault on the part of the contractor and it was expressly held that "as a matter of law * * * the existence of excessive infiltration does not constitute a breach of the contractor's undertaking and * * * liability can be imposed upon it only if it be established that the materials furnished [by the contractor] or the method of doing the work did not meet the requirements of the drawings and specifications or in some material way departed from the proper orders of the engineer having supervision and direction or, satisfying the demands of plans and specifications, yet was not performed in a workmanlike manner. This latter poses a question of fact * * *." 8 Conn.Sup. at page 415. In short, it is the law of Connecticut that the plaintiff here must fail if it is established that the excessive infiltration was caused by his defective workmanship. And here, the record is replete

with evidence of faulty workmanship from which the inference of the causal relationship was fully justified.

We will briefly discuss the other principal claims of error. Appellant argues that its workmanship is not subject to question because it was "approved" by the Engineer as it progressed. That is, it argues that contractual provisions that "the Engineer shall in all cases determine classifications, quantities, quality, acceptability and fitness of the several kinds of work" and that "the Engineer will estimate the amount of work done and materials built into the work * * * [and shall use] the quantities so determined * * * as the basis for an approximate certificate, which shall be presented to the Commission * * * and shall certify the value of the work performed * * *" amount to a submission of the question of workmanship to the arbitration of the Engineer. A comparison of these clauses with that involved in one of the Connecticut cases on which the plaintiff relies, George S. Chatfield Co. v. O'Neill, 89 Conn. 172, 93 A. 133, casts considerable doubt on its argument.[1] But close analysis is unnecessary, and the argument is completely refuted, by another contractual provision: "Failure on the part of the Engineer or any of his authorized agents to detect inferior work * * * and condemn the same, shall not be construed to imply an acceptance of such work * * ; nor shall it be construed as barring the Municipality, at any subsequent time, from the recovery of such sum of money from the Contractor as may be needed to construct or build anew all portions of the work in which * * * improper work [was] executed."

Appellant further claims that it was not bound by section D66 of the Detailed Specifications requiring completion within a stated infiltration allowance on the ground that the contract provides

that in the case of any inconsistency between the contract and an earlier contract document, the contract shall govern. It then points to the contract clause that the contractor shall furnish all the labor and material for the completion of the contract "in the best possible and most expeditious manner, and in accordance with the contract documents and their intended meaning," contending that this clause is inconsistent with, and hence supersedes, the infiltration clause of section D66. The opposite, of course, is true. This contract provision calling for completion "in accordance with the contract documents" incorporates the infiltration specification: indeed, by paragraph 1 of the contract it was expressly stated that "the Contract shall consist of this instrument, * * * and all the other Contract Documents as defined in the volume entitled 'Specifications, Sewerage System, Contracts * * * VIII * * *, Town of Fairfield * * *.' All of said documents are made part of this instrument with the same force and effect as though fully set forth herein." Appellant's contention of an "inconsistency" between Specifications D66 and the contract is so patently ridiculous that it should not have been made.

As for the claims dismissed by summary judgment, there is no error. On the sixth claim the plaintiff did not apply for a written order, which the general specifications makes a condition precedent to a claim for more than the unit prices. And the seventh claim is barred by another section of the general specifications which provides that there shall be no additional compensation or damage claims for delay in the acquisition of interests in land.

Failure to discuss other points indicates not that they have been overlooked but that after careful study they have been found to be so lacking in merit as to deserve no discussion. This applies

---

1. In the Chatfield case the contract provided: "It is understood and agreed by and between the parties hereto that the work included in this contract is to be done under the direction of the said architects, and that their decision as to the true construction and meaning of the drawings and specifications shall be final." 89 Conn. at page 173, 93 A. at page 133.

not only to the attack on the dismissal of the complaint but also, equally, to the attack on defendant's judgment on the counterclaim.

Affirmed.