M AND L BUILDING CORPORATION *v.* HOUSING AUTHORITY OF THE TOWN OF ENFIELD (12448)

O'CONNELL, FOTI and LANDAU, Js.

Argued April 26—decision released August 9, 1994

---

*Thomas G. Librizzi,* with whom, on the brief, was *Brian Preleski,* for the appellant (defendant).

*James W. Abrams,* for the appellee (plaintiff).

O'CONNELL, J. The defendant appeals from a $60,276.89 judgment entered against it following a trial to the court. The defendant claims that the trial court (1) determined the scope of work to be performed, (2) failed to enforce the provisions of the parties' agreement whereby decisions of the project architect, the state department of housing and the Enfield housing authority concerning the interpretation of the contract documents would be final, binding and conclusive on the parties, and (3) awarded the plaintiff prejudgment interest contrary to a contract prohibition against such interest. We reverse the judgment of the trial court.

The provenance of this appeal is a contract between the defendant Enfield housing authority and its general contractor, the plaintiff M & L Building Corporation, which was to build an addition to the Mark Twain congregate housing facility in Enfield. A dispute arose concerning whether the plaintiff was required to install a certain water main which was shown on the drawings that accompanied the contract. The defendant's position is that the construction of the water main was within the scope of the contract, while the plaintiff insisted to the contrary.

The key to this dispute is paragraph 2 (b) of the contract's supplementary general conditions, which provided that "[a]ll drawings are a working part of these specifications and any questions or disagreements arising as to the true intent of this specification or the

drawing, or the kind and quality of the work required thereby, *shall be decided by the Architect, local Authority and Department of Housing, whose interpretations thereof shall be final, conclusive and bind to all parties."* (Emphasis added.)

The three parties designated to resolve such a dispute agreed that the installation of the water main was within the scope of work to be performed by the plaintiff. As a consequence of this decision, the defendant backcharged the plaintiff $60,276.89, the sum it had paid for the installation of the water main.

The trial court held, ipse dixit, that paragraph 2 (b) was unenforceable and undertook a de novo plenary review of the contract. Although the trial court failed to furnish any authority in support of its ruling, the plaintiff nevertheless argues on appeal that the trial court's action was correct because Connecticut law gives effect to a clause such as paragraph 2 (b) only if the architect is the sole arbiter of disputes. In support of this claim the plaintiff relies on, inter alia, *John T. Brady & Co.* v. *Stamford,* 220 Conn. 432, 450, 599 A.2d 370 (1991). *Brady* is inapposite and, in fact, bolsters the defendant's case. *Brady* recognizes that " '[c]ontracting parties are free to impose conditions upon contractual liability. *Brauer* v. *Freccia,* 159 Conn. 289, 293–94, 268 A.2d 645 (1970); *Strimiska* v. *Yates,* 158 Conn. 179, 185, 257 A.2d 814 (1969).' . . ." Id., 449–50. That is precisely what the parties to this contract did in setting up the tripartite dispute resolution panel.

There is no paucity of Connecticut case law recognizing that " '[f]requently, building contracts provide that a third party, an architect or an engineer acting in good faith and in the exercise of his best judgment, shall decide when one of the contracting parties has fulfilled the requirements of the contract. In such cir-

cumstances, if the architect or engineer withholds certification, and its decision is not arbitrary or made in bad faith, the court is not authorized to substitute its judgment for that of the designated expert. *Maskel Construction Co.* v. *Glastonbury,* 158 Conn. 592, 597, 264 A.2d 557 (1969); *Friend* v. *Green,* 146 Conn. 360, 364–65, 151 A.2d 343 (1959); *Dahl* v. *Edwin Moss & Son, Inc.,* 136 Conn. 147, 153–54, 69 A.2d 562 (1949); *Clover Mfg. Co.* v. *Austin Co.,* 101 Conn. 208, 213, 125 A. 646 (1924); *Chatfield Co.* v. *O'Neill,* 89 Conn. 172, 174, 93 A. 133 (1915).' *Grenier* v. *Compratt Construction Co.,* 189 Conn. 144, 148, 454 A.2d 1289 (1983)." *John T. Brady & Co.* v. *Stamford,* supra, 220 Conn. 450.

Merely because the parties in *Brady* and in other cases cited by the plaintiff elected to confer dispute resolution authority solely on the architect does not mean that the parties here were not free to contract to have a tripartite panel arbitrate their disputes. It is fundamental jurisprudence that parties are free to contract for whatever terms they may agree on. *Holly Hill Holdings* v. *Lowman,* 226 Conn. 748, 755, 628 A.2d 1298 (1993). Likewise, courts should enforce contracts voluntarily and fairly made between parties, unless the contract is voidable on grounds such as mistake, fraud or unconscionability. Id., 756. "Courts of law must allow parties to make their own contracts." *Connecticut Union of Telephone Workers* v. *Southern New England Telephone Co.,* 148 Conn. 192, 201, 169 A.2d 646 (1961). In this case, both parties were of equal bargaining power and neither party claims that there were any improprieties in the contract formation process. Accordingly, the contract is to be given effect according to its clear and unambiguous terms. *Aetna Casualty & Surey Co.* v. *CNA Ins. Co.,* 221 Conn. 779, 786, 606 A.2d 990 (1992).

By the express terms of their contract, the plaintiff and defendant agreed to be bound by the determina-

tion made by the tripartite panel and that agreement is binding on them. *Grenier* v. *Compratt Construction Co.,* supra, 189 Conn. 148. Moreover, paragraph 2 (b) provided that the interpretation of this panel would be final and conclusive. Although words such as final, binding and conclusive resound with a terminal and unconditional tone, the authority of the panel is not without limit. Upon proof of fraud, bad faith, arbitrariness or gross misconduct, the court may step in to void their decision.[1] See *Friend* v. *Green,* supra, 146 Conn. 364–65; *Dahl* v. *Edwin Moss & Son, Inc.,* supra, 136 Conn. 153–54; *Clover Mfg. Co.* v. *Austin Co.,* supra, 101 Conn. 213–14; *Beattie* v. *McMullen,* 82 Conn. 484, 491–92, 74 A. 767 (1909). Here, the plaintiff did not claim fraud, bad faith, arbitrariness or gross misconduct; thus, the court improperly substituted its judgment for that of the panel whom the parties had bargained to settle their disputes.

The plaintiffs additionally argue that even if the panel had authority to settle disputes, its decision in the present case is not binding because it is not an interpretation of the contract but rather an expansion of it. We are not persuaded. Pursuant to the agreement, the plaintiff was required to provide all the necessary "labor, materials, tools and equipment" and thereafter to perform all work in strict accordance with the relevant specifications, plans and drawings associated with the project. In the case of a dispute between the parties, the tripartite panel was given the authority to resolve all disagreements regarding the *"true intent of this specification or the drawing, or the kind and quality of work required thereby . . . ."* (Emphasis

---

[1] Incompetence, negligence or even unfairness or unreasonableness have been held insufficient to void such a dispute resolution clause. *Chatfield Co.* v. *O'Neill,* supra, 89 Conn. 174.

added.) Thus, the plain language of the agreement between the parties permitted the panel to resolve any dispute regarding the scope of the plaintiff's obligations under the contract.

The tripartite panel unanimously agreed that installation of the water main was within the scope of the work performed by the plaintiff. To interpret the panel's decision as an expansion of the contract would be to render the contract's dispute resolution clause meaningless. Rather than expanding the contract to include a term not a part of the original agreement, the record reveals that the panel's conclusion was based upon its interpretation of several contract provisions, the testimony of witnesses and the relevant plans and specifications. Contrary to the plaintiff's argument, the panel did not rewrite the contract for the parties. Accordingly, the plaintiff's claim fails.

In view of the foregoing analysis, we do not reach the remainder of the defendant's claims.

The judgment is reversed and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.