[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has sued Tania Gonzalez and Thrifty Rent-A-Car System, Inc. (Thrifty) alleging that she was injured as a result of the negligence of Gonzalez in the operation of a vehicle belonging to Thrifty. Thrifty has moved for summary judgment asserting that its licensee, Continental Auto Resource Systems, Inc., rented the vehicle to Aida Marquez. The rental agreement provided that no person other than Marquez could drive the car. The motion is supported by affidavit.
The plaintiff claims that Thrifty is liable pursuant to General Statutes § 14-154a. In Pedevillano v. Bryon, 235 Conn. 265
(1994), the supreme court upheld the right of a lessor to limit its liability under § 14-154a by limiting in its lease agreement the persons who are "authorized drivers."
The plaintiff relies on Boian v. Snappy Car Rental,
Superior Court, judicial district of Hartford-New Britain at Hartford, No. 536672 (1995), in which the court (Hale, S.T.R.)
held that Pedevillano "allow[s] for exceptions in emergency situations from the rule that rental agents may place restrictions on authorized drivers." Like the plaintiff inBoian, the plaintiff here claims that the licensee was ill and had to have the co-defendant operate the car. The plaintiff has herself filed an affidavit in which she states that Marquez was unable to operate the automobile she rented due to an illness, that as a result Gonzalez was forced to operate the vehicle in order to carry out a request of Marquez, and that due to "Marquez's medical emergency, she was unable to operate the automobile she rented." CT Page 1353-QQ
"In this era of mounting congestion at every level of the . . . courts, procedural devices capable of terminating litigation quickly and efficiently, and fairly, acquire increased significance. One of the most important of these mechanisms is the motion for summary judgment. . . ." S.E.C.v. Research Automation Corp., 585 F.2d 31, 32 (2d Cir. 1978). In Connecticut, Practice Book § 384 provides that "[s]ummary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' . . . `In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment].' (Citations omitted; internal quotation marks omitted.) Water WayProperties v. Colt's Mfg. Co., 230 Conn. 660, 664-65,646 A.2d 143 (1994). Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment. See Practice Book § 381." Home Ins. Co. v. AetnaLife Casualty Co., 235 Conn. 185, 202-03, 663 A.2d 1001
(1995).
"It is fundamental jurisprudence that parties are free to contract for whatever terms they may agree on. Holly HillHoldings v. Lowman, 226 Conn. 748, 755, 628 A.2d 1298 (1993). Likewise, courts should enforce contracts voluntarily and fairly made between parties, unless the contract is voidable on grounds such as mistake, fraud or unconscionability. Id., 756. `Courts of law must allow parties to make their own contracts.' Connecticut Union of Telephone Workers v. SouthernNew England Telephone Co., 148 Conn. 192, 201, 169 A.2d 646
(1961)." M L Building Corp. v. Housing Authority, 35 Conn. App. 379,382 (1994), cert. denied, 231 Conn. 925 (1994). In the absence of a legislative command to do otherwise, it is CT Page 1353-RR the business of courts to enforce contracts, not to remake them. There is a very real cost to a business and its consumers where courts fail to do so. This court respectfully disagrees with the Boian court. Moreover, even if there were an implied "medical emergency" exception to both Pedevillano
and to the lease agreement, the plaintiff's own affidavit is insufficient to give rise to a genuine issue of material fact. "Indeed, the policy favoring efficient resolution of disputes, which is the cornerstone of the summary judgment procedure, would be completely undermined if unsubstantiated assertions were sufficient to compel a trial." S.E.C. v. ResearchAutomation Corp., supra, 33.[1] On summary judgment, the court may recognize the realities of the case; id., 34; including that arising from the plaintiff's claim that another person suffered a Boian-type illness.
The defendant's motion for summary judgment is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court