HOLLY HILL HOLDINGS *v.* GEORGE D. LOWMAN ET AL.
(14707)

PETERS, C. J., BORDEN, BERDON, NORCOTT and PALMER, Js.

Argued April 30—decision released August 3, 1993

*Robert L. Trowbridge,* with whom was *Ronald W. Lindlauf,* for the appellants (defendants).

*Harold B. Finn III,* with whom were *Donna Nelson Heller, Jennifer B. Rubin* and, on the brief, *Richard W. Painter* and *Edmund M. Remondino,* for the appellee (plaintiff).

PETERS, C. J. The principal issue in this certified appeal is whether, under the circumstances of this case, an "as is" clause in a contract conveying real property precludes a transferee from prevailing on either a private right of action or a special defense based on a transferor's noncompliance with pretransfer disclosure regulations. The plaintiff, Holly Hill Holdings, brought this foreclosure action against the defendants, George D. Lowman, Al Aydagul and Klaus W. H. Beckmann,[1] grounded on Beckmann's default on a note and mortgage securing property that the plaintiff had conveyed to the defendants. The defendants defended against the foreclosure action and counterclaimed for monetary damages, alleging a violation of § 22a-449 (d)-1 of the Regulations of Connecticut State Agencies[2] because of the plaintiff's nondisclosure of unused underground

---

[1] The original mortgagors were George D. Lowman and Al Aydagul. Aydagul quitclaimed his one-half interest in the property to Klaus W. H. Beckmann; pursuant to their agreement, Beckmann explicitly assumed all of Aydagul's obligations. Following the plaintiff's initiation of this action, Lowman conveyed his one-half interest in the property by way of quitclaim deed to Beckmann. Although all three are defendants in this action, Beckmann is the sole owner of the property.

[2] Section 22a-449 (d)-1 of the Regulations of Connecticut State Agencies provides in relevant part: "CONTROL OF THE NONRESIDENTIAL UNDERGROUND STORAGE AND HANDLING OF OIL AND PETROLEUM LIQUIDS . . .

"(f) TRANSFER OF FACILITIES

"(1) No owner or operator shall transfer ownership, possession or control of any new or existing facility without full disclosure to the transferee of the status of the facility with respect to compliance with these regulations at least fifteen (15) days prior to the transfer. Such disclosure shall include an up-to-date copy of the information submitted to the commissioner pursuant to subsection (d)."

gasoline storage tanks that existed on the property. Accepting the findings and recommendation of an attorney trial referee, the trial court rendered judgment for the plaintiff on both the claim and counterclaims and ordered strict foreclosure. The defendants appealed to the Appellate Court, which subsequently affirmed the judgment of the trial court. We granted the defendants' petition for certification to appeal from the judgment of the Appellate Court[3] and now affirm.

The opinion of the Appellate Court; *Holly Hill Holdings* v. *Lowman,* 30 Conn. App. 204, 619 A.2d 853 (1993); includes the following relevant facts. The plaintiff sold to the defendants certain property that, prior to its conveyance, had been used as a service station.[4] Id., 207. The contract for sale specified that the defendants were buying the property "as is." Id., 206–207. Prior to agreeing to purchase the property, each of the defendants had actual knowledge of the existing underground gasoline storage tanks (tanks) that were associated with the service station. Id., 209–10. The plaintiff did not, however, give to either the defendants or the department of environmental protection the written notification contemplated by § 22a-449 (d)-1. See footnotes 2 and 5.

Following conveyances among the defendants, and the defendants' subsequent default, the plaintiff initiated this foreclosure action. In their respective answers, the defendants asserted several special defenses as well as counterclaims against the plaintiff. The principal basis for the special defenses and

---

[3] See footnote 6.

[4] The property consisted of an office building, a garage and an asphalt "island" on which gasoline pumps were formerly mounted. During attempted renovations of the property, the defendants removed four underground gasoline storage tanks associated with the service station. The parties do not dispute that the tanks have been the source of some expense because of their removal and accompanying waste cleanup costs. It is those tanks that are the subject of this appeal.

counterclaims was the plaintiff's alleged failure to disclose the existence of the tanks in accordance with § 22a-449 (d)-1 (f) prior to the original property transfer.

The Appellate Court upheld the trial court's judgment in favor of the plaintiff on the ground that the underground storage tanks did not fall within the disclosure requirement for "existing facilities" contained in § 22a-449 (d)-1 (f), because the existence of the tanks predated the effective date of the regulations. Id., 216-18. That court also concluded that the plaintiff's failure to provide notice to the department of environmental protection pursuant to § 22a-449 (d)-1 (d)[5] did not establish a private cause of action for the defendants. Id., 218-21. We granted the defendants' petition for certification to appeal from the Appellate Court judgment.[6]

---

[5] Section 22a-449 (d)-1 (d) of the Regulations of Connecticut State Agencies provides in relevant part: "REPORTING

"(1) By May 8, 1986, the owner or operator of each existing facility shall notify the commissioner and the office of the local fire marshal of the results of the life expectancy determination required by subsection (h).

"(2) Within thirty days following completion of installation of a new facility an owner or operator shall notify the commissioner and the office of the local fire marshal of the results of the life expectancy determination required by subsection (h).

"(3) The notification required by subdivisions (1) and (2) of this subsection shall include but not be limited to the following: facility location and capacity, date of installation, contents, type of facility, and type of monitoring systems, if any, results of life expectancy determinations, and any other information which the commissioner deems necessary.

"(4) By May 8, 1986, the owner or operator of an abandoned or temporarily out-of-service facility shall notify the commissioner of the location, type and capacity of such facility and the date it was abandoned or removed from service. . . ."

[6] We granted the petition for certification as to the following questions:

"1. Does the Underground Storage Tank Regulation, General Statutes § 22a-449, apply to a temporarily out-of-service facility?

"2. If the answer to the first question is yes, under the circumstances of this case did the failure of the plaintiff to comply with that regulation

In accordance with the questions certified for appeal, the defendants maintain that the Appellate Court improperly determined that the disclosure requirement contained in § 22a-449 (d)-1 (f) did not apply to the tanks in this case. They further argue that subsection (f) also affords a private right of action and that they should prevail on their special defenses and counterclaims because of the plaintiff's nondisclosure pursuant thereto. Although we agree with the defendants that subsection (f) applies to the tanks, we affirm the judgment of the Appellate Court because we agree with the plaintiff that a transferee who purchases property "as is" cannot thereafter maintain either a private right of action or a special defense based on an alleged nondisclosure of known facts.

I

We turn first to the defendants' claim that the Appellate Court improperly concluded that § 22a-449 (d)-1 (f) did not require the plaintiff to disclose the existence of the tanks prior to the property transfer. The Appellate Court determined that underground tanks that were temporarily out-of-service prior to the effective date of the regulations are not "existing facilities" for the purpose of subsection (f) of the regulation.[7] *Holly*

give rise to either a special defense or a private right of action in the defendants?" *Holly Hill Holdings* v. *Lowman,* 225 Conn. 912, 623 A.2d 1021 (1993).

The Appellate Court neither decided nor discussed the particular issue presented in the second question, which pertains to § 22a-449 (d)-1 (f) of the Regulations of Connecticut State Agencies, because, as discussed in the text, it answered the first question in the negative. Although it did address the question whether a violation of subsection (d) of § 22a-449 (d)-1 affords a private right of action, that determination is not before us. Nevertheless, even if the Appellate Court determination regarding subsection (d) is within the scope of the certified questions, we need not address it for the same reason that we do not address the general issue of a private right of action as it pertains to subsection (f). See footnote 8 and accompanying text.

[7] Section 22a-449 (d)-1 (a) of the Regulations of Connecticut State Agencies provides in relevant part: "DEFINITIONS

" 'Abandoned' means rendered permanently unfit for use. . . .

*Hill Holdings* v. *Lowman,* supra, 217. It concluded that such tanks were subject to the disclosure requirements only of § 22a-449 (d)-1 (d). Id., 218.

The Appellate Court's construction of the regulation cannot stand in light of our recent decision in *Diamond* v. *Marcinek,* 226 Conn. 737, 629 A.2d 350 (1993). In that case, which involved underground gasoline storage tanks unused since the mid-1940s, we held that even tanks that are "temporarily out-of-service" pursuant to § 22a-449 (d)-1 (a) fall within the disclosure requirement for "existing" facilities contained in subsection (f). Id., 744–45. That holding is equally applicable to the present case, which also involves underground gasoline storage tanks, albeit unused since only 1985. Unless the parties have contracted to the contrary, therefore, the plaintiff was bound to disclose the existence of the storage tanks to the defendants prior to the conveyance of the property to them.

II

The principal issue in this appeal is, therefore, whether a transferor's failure to give written notification to its transferee in accordance with the requirements of § 22a-449 (d)-1 (f) gives rise to a private cause

" 'Existing facility' means a facility the construction or installation of which began prior to the effective date of these regulations.

" 'Facility' means a system of interconnected tanks, pipes, pumps, vaults, fixed containers and appurtenant structures, singly or in any combination, which are used or designed to be used for the storage, transmission or dispensing of oil or petroleum liquids, including any monitoring devices. As used in these regulations, the term 'facility' refers only to nonresidential underground facilities. . . .

" 'New facility' means a facility the construction or installation of which begins on or after the effective date of these regulations, including but not limited to facilities which replace existing facilities and facilities which are moved from one location to another. . . .

" 'Temporarily out-of-service' means not in use, in that no regular filling or drawing is occurring; or not established and maintained in accordance with these regulations; or not regularly attended and secured. . . ."

of action that can be asserted by the transferee who has bought property "as is," with actual knowledge of a material part of the information encompassed within the regulation's disclosure requirement. The defendants argue that, without proper disclosure, the transfer of real property containing underground storage facilities harms them as transferees and that they must, therefore, be allowed redress through a private right of action against the transferor. In response, the plaintiff contends that a private right of action would exist only if expressly so provided by the governing statutes and regulations and, furthermore, that, even if such a right were to be inferred, it should not be available here. We conclude that, in the circumstances of this case, the terms of the contract conveying the property preclude the defendants' special defenses and counterclaim.[8]

The dispositive inquiry is whether, assuming that we would recognize a private right of action, the transferee could prevail on that action in a case, such as this, where the transferee purchased the property "as is" with actual knowledge that it may contain the particular environmental hazard that is the focus of the regulation at issue. In the circumstances of this case, therefore, the proper focus is not on the meaning of the regulation, but on the terms of the contract to which the parties agreed. It is established well beyond the need for citation that parties are free to contract for whatever terms on which they may agree. This freedom includes the right to contract for the assumption

---

[8] We need not decide, therefore, whether a private right of action exists for a violation of § 22a-449 (d)-1 (f) of the Regulations of Connecticut State Agencies. Our holding, properly understood in the circumstances of this case, is that, even if we were to interpret the regulation to provide a private right of action, the transferee cannot prevail thereon in a situation where the transferee contracted to accept property "as is." This issue, we note, was not presented and, consequently, not addressed in *Diamond* v. *Marcinek*, 226 Conn. 737, 629 A.2d 350 (1993).

of known or unknown hazards and risks that may arise as a consequence of the execution of the contract. Accordingly, in private disputes, a court must enforce the contract as drafted by the parties and may not relieve a contracting party from anticipated or actual difficulties undertaken pursuant to the contract, unless the contract is voidable on grounds such as mistake, fraud or unconscionability. See 1 Restatement (Second), Contracts §§ 154, 159, and vol. 2, § 208 (1981); cf. *Warner* v. *Pandolfo,* 143 Conn. 728, 122 A.2d 738 (1956).

With this background in mind, we now consider the "as is" clause contained in the contract that provided for the property conveyance between the plaintiff and the defendants. Just as the parties to a contract for the sale of goods are free to disclaim warranties; see General Statutes § 42a-2-316; the parties to a contract for the sale of real property are free to disclaim responsibility for known environmental risks. Indeed, the agreed upon contract price for the property typically reflects an allocation of the known risks that attend the ownership of property. Accordingly, as a general matter, a clause for the sale of property "as is" is enforceable. See, e.g., *Century Display Mfg. Corporation* v. *D. R. Wager Construction Co.,* 71 Ill. 2d 428, 435, 376 N.E.2d 993 (1978).

The "as is" clause in the contract between the plaintiff and the defendants in this case must be given effect. Far from being mere "boilerplate" language, it was explicitly added to a preprinted contract form during the negotiations for the sale of the property. Furthermore, the defendants agreed to the clause despite their actual knowledge of the property's prior use as a service station. On this record, the defendants cannot argue that they were induced to agree to the clause because of misrepresentations on the part of the plaintiff.

The defendants contend, nonetheless, that the general contract rule should be set aside in this case because they were mistaken, not about the existence of a potential environmental hazard, but about its extent. They cannot prevail on this point, however, because the purpose and effect of an "as is" clause is to shift the burden of such a mistake to the accepting party. See *Pacelli Bros. Transportation, Inc.* v. *Pacelli,* 189 Conn. 401, 408, 456 A.2d 325 (1983) ("[w]here a party realizes he has only limited information upon the subject of a contract, but treats that knowledge as sufficient in making the contract he is deemed to have assumed the risk of a mistake"); see also 1 Restatement (Second), Contracts § 154 (1981). The agreement to accept the property "as is," in the circumstances of this case, precludes the defendants from relying on § 22a-449 (d)-1 (f) in the present foreclosure action.

The judgment is affirmed.

In this opinion the other justices concurred.