JAMES B. DIAMOND *v.* GEORGE MARCINEK ET AL.
(9832)

DALY, HEIMAN and FOTI, Js.

Submitted on briefs September 13—decision released October 12, 1993

*Kenneth J. McDonnell* filed a brief for the appellant (plaintiff).

*Richard F. Paladino* filed a brief for the appellees (defendants).

DALY, J. This case is now before us on remand from the Supreme Court. *Diamond* v. *Marcinek,* 226 Conn. 737, 629 A.2d 350 (1993). The relevant facts are fully reported in the opinion of the Supreme Court and will not be restated here. See id., 739–40. It has been determined that the unused underground gasoline storage tanks, once used by an automobile service station, constitute an "existing facility" that has been "temporarily out-of-service" since 1944. Id., 744; see also Regs., Conn. State Agencies § 22a-449 (d)-1 (a). Accordingly, § 22a-449 (d)-1 (f) of the Regulations of Connecticut State Agencies, concerning the reporting and transfer of a "new or existing facility," applies. Thus, we must now consider the remaining issues previously raised. See *Diamond* v. *Marcinek,* 27 Conn. App. 353, 355, 606 A.2d 1001 (1992).

The plaintiff sought to rescind the sale of the property. "[T]he decision to award a remedy for rescission

for breach of contract always depends upon a showing of what justice requires in the particular circumstances, and thus necessarily rests in the discretion of the trial court." *Burt's Spirit Shop, Inc.* v. *Ridgway,* 215 Conn. 355, 361, 576 A.2d 1267 (1990). In the present case, the trial court properly awarded the plaintiff rescission of the real estate conveyance. Rescission was appropriate because of the defendants' "negligent concealment" and failure to follow the regulation of the department of environmental protection mandating disclosure of the existence of the tanks to a transferee.

The plaintiff also sought to recover the value of improvements made to the property in question. The trial court found that the plaintiff's property presumptively had historic value and that the plaintiff had presented no evidence of an increase in the value of the property by virtue of his improvements. Absent clear error, the trier's factual findings will not be disturbed. *Season-All Industries, Inc.* v. *R. J. Grosso, Inc.,* 213 Conn. 486, 498, 569 A.2d 32 (1990); *Wilcox Trucking, Inc.* v. *Mansour Builders, Inc.,* 20 Conn. App. 420, 425, 567 A.2d 1250 (1989), cert. denied, 214 Conn. 804, 573 A.2d 318 (1990). Accordingly, the trial court properly held that the plaintiff failed to meet his burden of proof and could not recover for claimed improvements on the theory of unjust enrichment.

The judgment is affirmed.

In this opinion the other judges concurred.