[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs seek, by this action, to have a contract of land rescinded, reconveyance of the property to the defendant, restitution of money damages and a declaration by the court, by way of judgment, rendering the mortgage null and void.
On February 25, 1992, the defendant conveyed an undeveloped lot to the plaintiff for the sum of $75,000. The contract of sale, drafted by the plaintiffs' closing attorney, provided that no representation as to conditions were made by the plaintiffs. The contract also had a clause which stated that to the plaintiffs' knowledge and belief there were no violations of any government rules or regulations.
No evidence was presented at trial that the plaintiffs had any actual knowledge of any violation.
Approximately eight (8) months after closing, in October of 1992, plaintiffs' general contractor, while excavating on the property, detected an odor of oil. Approximately 95 percent of the cellar area had been already excavated. Further testimony, primarily in reliance on the general contractor's findings, corroborated the presence of oil contamination. CT Page 13880
The court, on the basis of the testimony, concludes that there was indeed oil contamination.
At the conclusion of the presentation of the plaintiffs' evidence, the defendant moved for dismissal for failure to establish a prima facie case.
The plaintiffs rely upon State v. Hartford Accident Indemnity Co., 138 Conn. 334, 340 (1951). This reliance, to establish negligent misrepresentation, is misplaced. In State v.Hartford, supra, there was a positive averment and not an opinion, as in the present case. There was also the opportunity to take test borings prior to closing, in order to establish that there may exist a problem. The plaintiff has failed to convince this court that language contained, as to the defendant's knowledge, constituted a negligent misrepresentation.
The court also finds little merit in the plaintiffs' claim of "failure of consideration." The defendant delivered that which is contracted to deliver. The contract cannot be said to be unenforceable unless there is mistake, fraud or unconscionability. Holly Hill Holdings v. Lowman, 226 Conn. 748,756 (1993); and 1 Restatement (Second), Contracts, §§ 154, 159 and vol. 2, § 208 (1981).
Count four, requesting rescission of the contract must also fail, since the plaintiffs failed to offer reconveyance of the property.
Finally, the court does not find that the defendant, by its actions, has been unjustly enriched.
Judgment may enter for the defendant on all counts.
Mihalakos, J.