[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned mortgage foreclosure action comes before this court on the motion of the plaintiff to strike the special defenses and counterclaims filed by defendant Robert Macchia. The plaintiff, which claims to be the holder of the note and mortgage at issue, claims that all of the special defenses and counterclaims are legally insufficient and/or are unrelated to the transaction at issue in the complaint, and therefore cannot be maintained as part of this action.
In the complaint, the plaintiff alleges that in October 1995 it acquired a note and mortgage that defendant Robert Macchia had executed on November 20, 1987 when he borrowed $730,000 from the Bank of New Haven. The plaintiff alleges that the bank assigned its rights under the note and mortgage to another party and that two subsequent assignments occurred before the rights under the note and mortgage were acquired by the plaintiff as an assignee. The plaintiff alleges that Macchia has defaulted on his obligation under those instruments in that he has failed to pay the holder due after due demand. The plaintiff seeks to foreclose on the mortgage property that secures the obligation set forth in the note.
Macchia filed a six-count counterclaim and special defense that contain identical allegations. In Count One of this counterclaim, the defendant alleges that the plaintiff chose to CT Page 5495-AAAAA acquire the obligations that it now seeks to enforce because it had obtained information concerning the defendant from a law firm, Ginsberg Palumbo, P.C. from which he sought refinancing of the obligation at a time when it was the property of another holder. The defendant alleges that instead of providing refinancing, the plaintiff acquired the existing note and thereby "appropriated to itself a business opportunity to which it was not fairly entitled." (Counterclaim, Count One, para. 9). The defendant characterizes Count One as a claim arising from conversion.
In Count Two of the Counterclaim, the defendant alleges that he had an attorney/client relationship with Ginsberg Palumbo, P.C., and that this entity breached its fiduciary duties and duty to maintain client confidentiality by disclosing information about the defendant to the plaintiff.
In Count Three of the counterclaim, which is titled "Imputed Negligence," the defendant claims that negligence or breach of confidentiality by the law firm is actionable against the plaintiff because the law firm was the plaintiff's agent.
In Court Four the defendant alleges that there was a contractual relationship between the defendant and the law firm an implied term of which was nondisclosure of trade secrets.
In Count Five, the defendant alleges that by receiving trade secrets from the law firm, "the plaintiff violated the covenant of good faith and fair dealing."
In Count Six, the defendant alleges that the conduct of the plaintiff set forth in the prior counts constitutes a violation of the Connecticut Unfair Trade Practices Act; C.G.S. § 42-110 etseq.
Standard for Review of a Motion to Strike Counterclaim
The function of a motion to strike is to test the legal sufficiency of a pleading., Practice Book § 152; Ferryman v.Groton, 212 Conn. 138, 142 (1989). A motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263 (1965); and the allegations of the complaint are to be given the same favorable construction the court would be required to give them in admitting evidence under them. Ferryman v. Groton, 212 Conn. 138,142. If any facts provable under the express and implied CT Page 5495-BBBBB allegations in the claim support a cause of action, the complaint should not be stricken. Bohan v. Last, 236 Conn. 670, 674 (1996). The complaint must be construed in the manner most favorable to sustaining its legal sufficiency. Sassone v. Lepore, 226 Conn. 773,780 (1993); Michaud v. Wawruck, 209 Conn. 407, 408 (1988).
Legal Sufficiency of Counterclaim
While most of the brief of the plaintiff is devoted to the special defenses (which are the same as the counterclaims), the plaintiff also asserts that the allegations of the various counts in the counterclaim do not state causes of action against the plaintiff. The court will consider each of these separately.
Count One
The conduct alleged in this count gives rise to a cause of action only if the plaintiff owed some duty to the defendant not to acquire the note and mortgage at issue. At most, the defendant claims that the plaintiff decided to make the acquisition because of information about the defendant that it had learned when he was attempting to refinance the obligation. The defendant does not allege that the plaintiff undertook to represent him as an agent, that it had any fiduciary duty to act in his best interest, or that there was any agreement by which the plaintiff was obligated to the defendant not to use the information received for any purpose other than deciding whether to provide him with refinancing. The defendant claims that the law firm had a fiduciary duty and a duty of confidentiality, but he does not allege that the plaintiff agreed to undertake any such duties or obligations.
The Supreme Court has held that a motion to strike a counterclaim is properly granted which that counterclaim fails to identify a cognizable legal duty that has been breached HartfordFederal Savings Loan Ass'n. v. Tucker, 196 Conn. 172, 183
(1985).
The defendant claims, in effect, that the law firm conveyed information to the plaintiff and that the plaintiff thereby became obligated to the defendant in the same way that the law firm was allegedly obligated. Without an allegation that the plaintiff either had a contractual duty to the defendant or agreed to be bound by or adopt as its own obligation the law firm's alleged duties to the defendant, the defendant has stated CT Page 5495-CCCCC no cause of action against the plaintiff because he had not identified any source of obligation for the plaintiff to look out for his interest rather than for its own.
Because the plaintiff has not alleged any contractual or other source of a duty owed to him by the plaintiff, this count fails to state a claim.
Count Two
The allegations of this court concern claims of breach of duties only by the law firm, which has not been made a party to the counterclaim. Since it fails to state a claim against the plaintiff, it must be stricken.
Count Three
In this count, the defendant alleges that negligence or breach of duty by the law firm "are imputed to the plaintiff as said firm was agent, employee and servant of the plaintiff and was acting in the scope of its representation of the plaintiff" when the law firm failed to advise the defendant that he should obtain an agreement from the plaintiff not to use information obtained in the refinancing overtures for any other purpose.
The defendant has not alleged that the plaintiff, which is not alleged to be a law firm, had a duty to provide him with legal advice as to how to protect himself from its actions or to guard the confidentiality of information disclosed by him to it. Rather, the plaintiff alleges that the law firm had such a duty and that the plaintiff benefited from its alleged failure to discharge that duty. A principal is liable for the negligent acts of an agent who is performing duties on behalf of the principal, but not for actions that arise from the agent's independent duties to the claimant, A-G Foods Inc. v. Pepperidge Farm. Inc.,216 Conn. 200, 209 (1990); Ray v. Schneider, 16 Conn. App. 660,cert. denied, 209 Conn. 822 (1988).
The breach of duty alleged arises not from any duty of care owed by the plaintiff to the defendant but by a duty of care allegedly owed by the law firm to the defendant as its client. The defendant has not alleged that the scope of the duties the law firm performed as agent for the plaintiff included furnishing legal counsel to persons who were proposing to obtain refinancing from the plaintiff. CT Page 5495-DDDDD
Instead, the defendant alleges that the law firm owed this duty as his own attorney, but breached that independent duty to him. Since that duty has not been alleged to be one that the law firm was undertaking on behalf of the plaintiff as principal, the defendant has not stated a cause of action against the principal for its breach.
Count Four
In this count the defendant alleges that the law firm had a duty, implied by contract not to divulge his trade secrets to others and that the plaintiff "knew or ought to have known that the information it received from defendant Robert Macchia was vital to his survival in his business enterprise . . . and said conduct violated the common law rights of the defendant and statutory right as set forth in the Uniform Trade Secrets Act, Chapter 625.
To the extent that this court alleges misconduct by the law firm, it must be stricken, as that entity is not a party.
The issue is whether the defendant has stated a cause of action against the plaintiff. In his pleading, at paragraph 45 set forth above, the defendant admits providing the allegedly secret information to the plaintiff. The Uniform Trade Secrets Act, Conn. Gen. Stat. § 35-51 et seq, makes actionable the "misappropriation" of trade secrets. "Misappropriation" is defined as acquisition "by improper means" or from a person with a duty not to disclose, or "under circumstances giving rise to a duty to maintain its secrecy," § 35-51(a), (b).
Since the defendant alleges that he gave the information at issue to the plaintiff, not to use the information for other purposes, or a representative by the plaintiff that it would not do so. The defendant has alleged that he provided his financial information for a limited purpose of obtaining refinancing and that he did not authorize use for any other purpose. Accordingly, the defendant has pleaded facts sufficient to state a cause of action for misappropriation of trade secrets, since the court cannot conclude that there is no set of facts provable under these allegations that would support a cause of action, Bohan v.Last, supra.
Count Five
CT Page 5495-EEEEE
In this count, the plaintiff alleges that the plaintiff violated an "implied contractual duty to exercise good faith and fair dealing." In its motion to strike, the movant has simply denied that the allegations are true. While the movant argues that the claim cannot be maintained as a special defense, it has not explained why it does not state a cause of action as a counterclaim. The motion to strike this court is denied.
Count Six
In this count, the defendant claims that the plaintiff's receipt of confidential information obtained from his attorneys and alleged reliance on it in acquiring the obligation on which its suit is based, violates the Connecticut Uniform Trade Practices Act. The plaintiff asserts that the claim cannot properly be maintained as a counterclaim in this action because it does not relate to the same transaction that is the subject of the complaint: default on the existing note. Pursuant to Practice Book § 116, a counterclaim must "arise from the transaction or one of the transactions which is the subject of the plaintiff's complaint" The transaction that is the subject of the complaint is the note. The issues asserted in the counterclaim do not concern the validity, formation or enforceability of the note but concern different transactions. Accordingly, Count Six is stricken.
Special Defenses
Under the heading "Special Defense" defendant has made the following statement:
"1. The allegations of paragraphs 1-57 of the Counterclaims are herein set forth as the allegations of the Special Defense."
Paragraphs 1-57 comprise all of the paragraphs by which the defendant has pleaded his six counterclaims, discussed above.
The plaintiff has moved to strike the special defenses on the ground that in an action to foreclose a mortgage, a special defense must address the validity of the making or enforcement of the mortgage.
Legal doctrines or claims raised in special defenses must be to the effect that, notwithstanding the allegations of the CT Page 5495-FFFFF complaint, the plaintiff has no enforceable cause of action. Practice Book § 164. The Appellate Court had occasion to apply this limitation to a mortgage foreclosure case in Holly HillHolding v. Lowman, 30 Conn. App. 204, 214, n. 11, aff'd.,226 Conn. 748 (1993).
In that case, a mortgager pleaded as special defense to foreclosure that the mortgage had failed to disclose at the time of sale environmental problems on the property mortgaged. The Appellate Court stated, citing P.B. § 164, that "[i]t is apparent, however, that the special defenses do not comply with Practice Book § 164 because they do not assert that the plaintiff has no cause of action for the foreclosure of its mortgage." Id.
Similarly, the defendant's claim of torts committed by the plaintiff and others do not constitute assertions that the plaintiff has no cause of action for the foreclosure of its mortgage.
Claims concerning alleged breaches of legal obligations by the plaintiff mortgagee to the defendant mortgagor have been held to be properly asserted as counterclaims rather than as special defenses where they are not related to the making, validity or enforcement of the note or mortgage. See Lafayette Bank TrustCo. v. D'Addario, 10 Conn. L. Rptr. 224 (1993); Bristol SavingsBank v. Miller, 7 Conn. L. Rptr. 517, 598 (1992); New EnglandSavings Bank v. High Ridge, Inc., 5 Conn. L. Rptr. 110 (1991).
None of the counterclaims asserted by the defendant and identified also as special defenses comports with the standard of P.B. § 164. The motion to strike all of the special defenses is therefore granted.
Conclusion
The motion to strike all six of the special defenses is granted.
The motion to strike is granted as to Counts One, Two, Three, and Six of the counterclaim.
The motion to strike is denied as to counts Four and Five of the counterclaim.
Beverly J. Hodgson CT Page 5495-GGGGG