[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought in three counts, for breach of contract, note collection and unjust enrichment. Plaintiffs allege that they entered into an agreement to sell to the defendants a business known as Quintree Stables and the real estate on which it is located, and that the defendants have breached the agreement by, inter-alia, failing to make monthly occupancy payments, failing to operate Quintree Stables in a business like manner and failing to diligently pursue financing so that the agreement can be consummated. Defendants have occupied the premises and conducted the business prior to a closing to be held. On November 22, 1996, defendants filed an answer, nine special defenses and a counterclaim in six counts. On January 6, 1997, plaintiffs filed a motion to strike all special defenses and count six of the counterclaim which alleges violation of the Connecticut Unfair Trade Practices Act, hereafter "CUTPA". The parties filed briefs, and the court heard oral argument on January 21, 1997.
At oral argument, it was agreed that defendants would resubmit special defenses two through nine to allege sufficient facts to support these defenses, the court having found that these special defenses are permitted under Connecticut law and are not inconsistent with the facts pled in the complaint. Even though some facts to support some of these defenses are contained in defendants' Disclosure of Defense, said Disclosure cannot be incorporated into the special defenses by reference. Accordingly, the motion to strike special defenses two through nine is granted only on the basis that sufficient facts have not been alleged to support those special defenses.
This leaves the court to address the first special defense and count six of the counterclaim. CT Page 862
A motion to strike challenges the legal sufficiency of a pleading, including special defenses and counterclaims. Connecticut Practice Book § 152. See generally, Mingachos v.CBS, Inc. 196 Conn. 91, 108 (1985) (pleadings). See also, Krasnowv. Christensen, 40 Conn. Sup. 287 (1985) (special defenses); andFairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495,496 (1985) (counterclaims). The motion admits well pleaded facts but does not admit any legal conclusions or the truth or accuracy of opinions stated in the pleadings. Alarm Applications Co. V.Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). "In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleadings." Kania v. Board ofEducation, 195 Conn. 90, 93 (1985). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v. New England Log Homes, Inc.,4 Conn. App. 132, 134-135 (1985). The burden of alleging recognizable special defenses and counterclaims rests upon the defendant. Cf.McAnerney v. McAnerney, 165 Conn. 277 (1973). A motion to strike is the proper vehicle to test the legal sufficiency of a CUTPA claim. Ivey, Barnum O'Mara v. Indian Harbor Properties,190 Conn. 528, 530 (1981).
The issue raised in the First Special Defense is whether a failure to disclose the environmental condition of the property, the existence of underground gasoline storage tanks, in violation of § 22a-449(d)-1(f) of the Regulations of Connecticut State Agencies gives rise to a private right of action or special defense. Plaintiff's cite Holly Hill Holdings v. Lowman,30 Conn. App. 204 (1993), but fail to cite Holly Hill Holdings v. Lowman,226 Conn. 748, 753-757, footnotes 6 and 8 (August, 1993) in which the Supreme Court upheld the Appellate Court but on different grounds and specifically declined to rule on the private right of action/special defense issue. The Appellate Court, however, in effect overruled what plaintiffs claim was the decision in HollyHill at 30 Conn. App. 204 by deciding in Diamond v. Marcinek,32 Conn. App. 828, 830 (October 12, 1993) that there is a private cause of action under said regulations. This was after the Supreme Court decision in Holly Hill in August, 1993 in which that court declined to rule on this issue and after the decision of the Supreme Court in August, 1993 in Diamond v. Marcenek,226 Conn. 737 remanding the case to the Appellate Court which then decided Diamond v. Marcenek, 32 Conn. App. 828 and, of course, after the original decision in Holly Hill, 30 Conn. App. 204 in January, 1993. In short, the Supreme Court has not decided this CT Page 863 issue, but the latest ruling of the Appellate Court in Diamond v.Marcenek, 32 Conn. App. 828 did decide the issue. "Recission was appropriate because of the defendants' `negligent concealment' and failure to follow the regulations of the department ofenvironmental protection mandating disclosure of the existence ofthe tanks to a transferee." Emphasis added. There is a private right of action or right to a special defense on this issue. The motion to strike the first special defense is denied.
As for the CUTPA claim in defendants' counterclaim, the first issue is whether the defendants failed to plead that the plaintiffs' transfer of the property was part of their general business practices. In paragraphs 43 and 44 of count 6 of the counterclaim, the defendants allege that the plaintiffs are in the business of buying, selling and developing real estate and that the actions etc., complained of were committed in their conduct of their trade and business of selling pieces of real estate they own. The court does not understand what is unclear about that and why plaintiffs have claimed a failure of the defendants to assert that this transfer was part of the plaintiffs' general business practices (pg 16 of plaintiffs' brief). This claim by plaintiffs is clearly without foundation and wastes everyone's time.
The second issue is whether the transaction is a single, isolated transaction and, therefore, not a violation of CUTPA. Appellate Courts have not ruled on this subject. Mead v. Burns,199 Conn. 651 (1986) applies only to insurance companies, andQuimby v. Kimberly Clark Corp., 28 Conn. App. 660 (1992) applies only to the employer-employee relationship. Superior Court decisions appear to be equally divided on this subject. CGS §42-110g(a) provides in pertinent part that "Any person who suffers any ascertainable loss . . . as a result of the use or employment of a method, act or practice . . . may bring an action. . . ." Emphasis added. This statute clearly speaks in the singular. Further, once it has been established that the alleged act was a part of a general business practice, it is fundamentally unfair for a claimant to be required to show that the person who committed the act had done so to other people or had done it more than once involving the claimant. The claimant should not have to investigate what the person has done in the past with others, and the person is not entitled to one free violation just because said person had not done it before with others or with the claimant. CT Page 864
Additionally, CUTPA is a remedial statute and must be construed liberally in an effort to effectuate its public policy goals. Webb Press Services Corporation v. New London Motors,Inc., 203 Conn. 342, 354 (1987).
Defendants' allegations set forth a claim for relief which may be granted under CUTPA. The motion to strike count six of me counter-claim is, therefore, denied.
Rittenband, Judge