[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #123
The plaintiffs, Dana Khan and Richard Khan ("the plaintiffs"), have brought a four-count amended complaint against the defendants, Philip Danse and Bette Jane Golart Danse ("the defendants") seeking damages allegedly incurred by the plaintiffs after they had purchased a house from the defendants.[1] The plaintiffs were allegedly induced by the misrepresentations of the defendants as to the condition of the house. According to the complaint, it is only after purchasing the house that the plaintiffs were able to discover the misrepresentations of the defendants and the actual condition of the house they had purchased.
The defendants have now moved for summary judgment as to all four counts of the complaint. Specifically, the defendants argue that they are entitled to summary judgment as a matter of law because the purchase contract contains an "as is" clause that allegedly states that the plaintiffs have not relied on any representations made by the defendants. In the alternative, the defendants argue that the statute of limitations has run on counts one and four of the complaint. The plaintiffs object to the motion for summary judgment and argue that there are genuine issues of material fact that render summary judgment inappropriate.
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the CT Page 14495 nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact . . ." (Citations omitted; internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 380-81,713 A.2d 820 (1998).
The Connecticut Supreme Court has remarked that "[i]t is established well beyond the need for citation that parties are free to contract for whatever terms on which they may agree. This freedom includes the right to contract for the assumption of known or unknown hazards and risks that may arise as a consequence of the execution of the contract. Accordingly, in private disputes, a court must enforce the contract as drafted by the parties and may not relieve a contracting party from anticipated or actual difficulties undertaken pursuant to the contract, unless the contract is voidable on grounds such as mistake, fraud or unconscionability . . ." (Citations omitted; internal quotation marks omitted.) Holly Hill Holdings v. Lowman,226 Conn. 748, 755-56, 628 A.2d 1298 (1993). "Parties are free to bargain for disclaimer clauses in a contract for the sale of real property . . . [and] a clause disclaiming reliance by the buyer on the seller's representations is a valid contract term." Gibsonv. Capano, 241 Conn. 725, 731, 699 A.2d 68 (1997).
An "as is" disclaimer clause, however, is applicable to an alleged nondisclosure of facts already known by the buyer. Id. 733. Furthermore, where a claim of fraudulent misrepresentation is involved rather than an innocent misrepresentation, the holdings of both the Holly Hill and Gibson are inapposite. SeeGibson v. Capano, supra, 241 Conn. 733.
The elements of an innocent misrepresentation are (1) a representation of material fact (2) made for the purpose of inducing a purchase, (3) the representation is untrue, and (4) there is justifiable reliance by the plaintiff on the representation by the defendant and (5) damages." Matyas v.Minck, 37 Conn. App. 321, 333, 655 A.2d 1155 (1995). The elements of a fraudulent misrepresentation, on the other hand, are as follows: (1) a false representation must be made as to a statement of fact; (2) the statement was untrue and known by the defendant to be untrue; (3) the statement was made to induce the CT Page 14496 plaintiff to act; and (4) the plaintiff acted on the false representation [its] detriment . . ." (Citations omitted; internal quotation marks omitted.) Wellington Systems Inc. v.Redding Group. Inc., 49 Conn. App. 152, 164, 714 A.2d 21 (1998).
Construed in a manner most favorable to the plaintiff, the amended complaint states a cause of action based on fraudulent misrepresentation and not innocent misrepresentations. For instance, the first and fourth counts state that "the representation of the Defendants were false and the Defendants knew or should have known them to be false and they were made by the Defendant to induce the Plaintiffs to purchase the property at a price in excess of its value." (Amended Complaint, July 22, 1997, First Count, ¶ 4; Fourth Count ¶ 4.) The second count likewise alleges that the plaintiffs were induced by fraudulent misrepresentation on the part of the defendants in that "the conditions of the premises . . . were not such that they ought to have been revealed by examination or they were concealed . . . or the pages of the inspection report given to the Plaintiffs indicated the defective condition did not exist or had been corrected." (Second Count, ¶ 7). Thus, the plaintiffs' claims of fraudulent misrepresentation are not, as a matter of law, pre-empted by the "as is" language of the contract.
Furthermore, evidence proffered by the parties on the motion for summary judgment before the court indicates a question of material fact as to whether the plaintiffs were aware of the defects which the "as is" language allegedly covered. While the defendants attest that they made no representation and did not conceal any condition or defect, the plaintiffs' affidavit attests that Dana Khan received a report with portions "whited-out" and that the plaintiffs discovered several concealed defects only after moving into the premises. In light of these inconsistencies, the court finds that summary judgment is inappropriate as there are questions of material fact to be resolved.
Furthermore, since there are questions of fact as to when the plaintiffs discovered various defect in the purchased property, the defendants' alternative agreement that the statute of limitations bars the plaintiffs' action cannot be decided on a motion for summary judgment. Sharp v. Wyatt, 31 Conn. App. 824,855, 627 A.2d 1347 (1993), aff'd, 230 Conn. 12, 644 A.2d 871
(1994). CT Page 14497
The defendants' motion for summary judgment is denied.
Mihalakos, J.