JULIUS W. HULL III *v.* ANTHONY T. FONCK
(AC 31147)

Gruendel, Harper and Peters, Js.

---

Argued March 9—officially released June 29, 2010

*Gary A. Mastronardi*, for the appellant (defendant).

*Ernest C. LaFollette*, for the appellee (plaintiff).

PETERS, J. General Statutes § 20-327b[1] requires a seller of residential property to execute a report documenting his knowledge of specified aspects of the condition of the property. The issue in this case is whether a disclaimer in the contract for the sale of the property is a bar to an action to recover damages from the seller for a negligent misrepresentation in this mandated report. Because the negligent misrepresentation concerned a defect in the property that was known to the seller and not readily discoverable by the purchaser at the time of the conveyance, the trial court upheld a jury verdict awarding damages to the purchaser. The seller has appealed. We affirm the judgment of the trial court.

On March 9, 2006, the plaintiff, Julius W. Hull III, filed a three count complaint seeking damages from the defendant, Anthony T. Fonck, for fraudulent misrepresentation, fraudulent concealment and negligent misrepresentation in the sale of residential property in Monroe. In response to special interrogatories, the jury found the defendant liable only for negligent misrepresentation. Applying the principle of comparative negligence recognized by *Kramer* v. *Petisi*, 285 Conn. 674, 682–83, 940 A.2d 800 (2008), the jury awarded the plaintiff damages of $44,200. The defendant has appealed from the judgment of the trial court denying his motion for judgment notwithstanding the verdict.

The defendant's appeal does not challenge the accuracy of the underlying facts reported in the trial court's memorandum of decision denying his motion. Section

---

[1] General Statutes § 20-327b (a) provides in relevant part: "Except as otherwise provided in this section, each person who offers residential property in the state for sale, exchange or for lease with option to buy, shall provide a written residential condition report to the prospective purchaser at any time prior to the prospective purchaser's execution of any binder, contract to purchase, option, or lease containing a purchase option. . . ."

20-327b required the defendant, at the time of the sale of the property, to execute a residential property condition disclosure report that became an addendum to the contract of sale between the parties. In the § 20-327b report, the defendant negligently answered "unknown" in response to question 16, which asked: "FOUNDATION/ SLAB problems/settling? Explain ____." In fact, the defendant knew that a crack ran across the entire length of the foundation wall to the floor slab and continued across the slab. In 1972 or 1973, when he had remodeled his basement, he had covered this crack with new walls and new flooring. Because of the wallboard and the flooring, when the plaintiff bought the property from the defendant in 2003, the crack was not discoverable without invasive and destructive testing.[2] The crack did not become visible until November, 2005, when, after unusually heavy rains, the basement of the house became flooded.[3] The flooding caused the plaintiff to remove the basement walls and flooring, thereby revealing the existence of the crack.

The defendant's appeal likewise does not challenge the trial court's statement of the general principles governing the law of negligent misrepresentation. As the

[2] Before purchasing the property, the plaintiff engaged a home inspector who reported signs of cracking that were not unusual for a foundation consisting of poured concrete. He also reported "some settlement to the house along the right side, as the last 10 or 12 feet of the structure do tend to settle a little bit away from the structure. . . . The settlement seen is not severe at this time and in my opinion, does not warrant a repair at this time."

A prefatory note to the inspection report stated: "This report is based upon the observable unconcealed structural conditions of the residence reported on below at the time of this inspection. Inspectors cannot and do not move furniture or pull up wall-to-wall carpeting, puncture, perforate, lift or remove wall, floor, sidings or roofs to observe conditions behind or under them . . . ."

[3] The trial court opined that much of the water damage resulted from abnormal settling of a portion of the house, which, in turn, had been caused by improper fill initially put on the property by its builder, who was not a defendant in this case.

court held, in accordance with Restatement (Second) of Torts § 552 (1977), "[o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." See also *D'Ulisse-Cupo* v. *Board of Directors of Notre Dame High School*, 202 Conn. 206, 217, 520 A.2d 217 (1987).

## I

The centerpiece of the defendant's appeal is his argument that he is not liable to the plaintiff because, as a matter of contract law, the contract of sale and, specifically, clauses such as the "CONDITION OF PREMISES" clause contained therein,[4] conclusively established that

---

[4] Paragraph 8 of the real estate sales agreement, entitled "CONDITION OF PREMISES [THIS AGREEMENT IS NOT SUBJECT TO ANY INSPECTION CONTINGENCIES]" provides: "The BUYER agrees that he has inspected the Premises, is satisfied with the physical condition thereof and agrees to accept at closing the Premises in the present condition on an 'as is' basis . . . . Neither SELLER nor SELLER's agents have made any representations or warranties as to said Premises on which Buyer has relied other than as expressly set forth in this Agreement." This provision was part of a form contract drafted by counsel for the defendant.

Neither the trial court nor the parties' appellate briefs have addressed the significance of another sentence in the CONDITION OF PREMISES/ CONTINGENCIES paragraph that states, "SELLER represents that the floor areas under any area rugs or furniture, and the wall areas behind any furniture, wall hangings or other objects, are of substantially the same condition and material as the floor and wall areas that are visible to inspection by BUYER without moving any of the foregoing, and there are no holes in the floors or walls hidden by the same."

Although other provisions in the contract contained additional limitations on the defendant's potential liability to the plaintiff, in this appeal neither party has challenged the propriety of the trial court's decision to address only the CONDITION OF PREMISES/CONTINGENCIES clause in its memorandum of decision.

the plaintiff did not rely on the defendant's misrepresentation.[5] As authority for this argument, the defendant cites two Supreme Court cases that enforced similar disclaimer clauses to bar actions for *innocent* misrepresentation. See *Gibson* v. *Capano*, 241 Conn. 725, 733, 699 A.2d 68 (1997); *Holly Hill Holdings* v. *Lowman*, 226 Conn. 748, 755–56, 628 A.2d 1298 (1993).

The trial court rejected this defense on both factual and legal grounds. As a matter of fact, the court held that, in the present case, unlike those described in the cases cited by the defendant, the dispute concerned a risk about which the parties were not equally knowledgeable and therefore not equally competent to bargain. As a matter of law, it held that cases governing disclaimers for innocent misrepresentation do not govern a case, like the present case, in which the misrepresentation was negligent. It cited *Martinez* v. *Zovich*, 87 Conn. App. 766, 769, 867 A.2d 149, cert. denied, 274 Conn. 908, 876 A.2d 1202 (2005), in which this court held that "[a] claim that a seller's intentional, reckless or negligent misrepresentation caused a buyer to enter into a contract for the sale of property is a valid cause of action, even if the contract that the parties entered into constituted the entire agreement between the parties and the contract included a clause disclaiming any representations by the seller as to the conditions of the property." Id., 778; see also *Warman* v. *Delaney*, 148 Conn. 469, 474, 172 A.2d 188 (1961).

The defendant's appeal challenges the validity of the court's legal conclusion. His claims of law are entitled

[5] The defendant also claims, on appeal, that, as a matter of fact, the plaintiff has not established his reliance on the defendant's misrepresentation because there was no evidence that the defendant held himself out as having specialized knowledge about foundations in residential property. In his brief, however, the defendant concedes that, at trial, he did not raise this claim of insufficiency of the evidence in his motion for judgment notwithstanding the verdict. On this record, we agree with the plaintiff that we need not address the merits of this claim. See Practice Book § 60-5.

to plenary review by this court. See *Elm Street Builders, Inc.* v. *Enterprise Park Condominium Assn., Inc.*, 63 Conn. App. 657, 664, 778 A.2d 237 (2001).

The defendant's contention that the law of innocent misrepresentation enforcing contractual disclaimers is applicable in this case has a number of subparts. As a matter of law, he emphasizes (1) the absence of a claim that his misrepresentation was made in bad faith or that his conduct was unconscionable, (2) the location of the claim in "language contained within the four corners of a form contract" and the fact that the § 20-327b form was extraneous to the terms of the contract of sale between the parties.[6]

The defendant's first claim of law merits little discussion. We know of nothing in the common-law definition of negligent misrepresentation that requires a party pursuing such a claim to prove either bad faith or unconscionability. The defendant has cited no authority for such a proposition. Furthermore, the defendant has not challenged the propriety of the trial court's jury instructions on negligent misrepresentation, which presumably followed the precepts articulated in § 552 of the Restatement (Second) of Torts, to which the court referred in its memorandum of decision.

The defendant's second claim of law concerns the actionability of a negligent misrepresentation in a § 20-327b report. This claim is governed by *Giametti* v.

---

[6] The defendant also relies on another provision in the contract of sale in which the parties agreed that "none of the representations made in this Agreement or any addenda attached hereto shall survive delivery of the deed and all representations by SELLER are made to the best of SELLER's knowledge and belief." We need not address this claim. Functionally, we can see no distinction between a contract provision purporting to disclaim reliance on representations made by the seller and a contract provision purporting to disclaim the future actionability of any such representations. Procedurally, we note that this claim was not addressed in the trial court's memorandum of decision and that the defendant did not file a motion for articulation to bring it to the court's attention.

*Inspections, Inc.,* 76 Conn. App. 352, 824 A.2d 1 (2003), in which this court held, as a matter of law, that although a disappointed purchaser of residential property has no damages claim for an *innocent* misstatement in a § 20-327b report; id., 360; such a purchaser may maintain a common-law action for a *negligent* misrepresentation therein. Id., 362. This court nonetheless held, on the facts of the record in that case, that the purchaser could not prevail because the seller had had only constructive knowledge of the undisclosed defect in the property, and the purchaser had not established reliance on the misrepresentation. Id.

Applying *Giametti* to the facts of this case, we are persuaded that it supports the trial court's conclusion that the defendant's negligent misrepresentation in his § 20-327b report was a proper basis for the jury's verdict holding him liable to the plaintiff. The defendant's misstatement served to conceal his *actual* knowledge of a defect in the condition of the property that he sold to the plaintiff. See *Dockter* v. *Slowik,* 91 Conn. App. 448, 456–57, 881 A.2d 479 (actual knowledge of well's limited ability to produce water made § 20-327b misrepresentation actionable), cert. denied, 276 Conn. 919, 888 A.2d 87 (2005). Indeed, the significance of the defendant's misrepresentation in this case was reinforced by his representation in the contract of sale that the floor areas under any rugs or furniture were in substantially the same condition and material as the floor areas that were visible to inspection by the plaintiff. Finally, it bears emphasis that the defendant cannot dispute the fact that, in this case, the defect was not discoverable by any reasonable inspection by the plaintiff at the time of the sale.

Under the circumstances of this case, the trial court properly rejected, as a matter of law, the defendant's motion for judgment notwithstanding the jury verdict finding him liable to the plaintiff for negligent misrepresentation. We agree with the trial court that the contract

principles that govern the law of innocent misrepresentation are not directly transferable to the tort principles that govern the law of negligent misrepresentation.

## II

In addition to these claims of law, the defendant also raises a number of essentially factual claims about the validity of the judgment against him. He contests the finding that his misrepresentation was negligent, arguing that his denial of knowledge about settlement problems was accurate because he did not know the severity of the settling and the consequent enlargement of the crack that occurred subsequent to the time of his remodeling of the basement. He likewise contests the jury's finding of reliance by the plaintiff, arguing that its finding of comparative negligence on the part of the plaintiff establishes the plaintiff's prepurchase knowledge of a defect in the condition of the house and conclusively refutes the plaintiff's reliance on the defendant's misrepresentation. The defendant further maintains that any gaps in the plaintiff's knowledge were attributable to the plaintiff's negligence. Specifically, the defendant contends that the plaintiff could have hired additional experts to inspect the home but instead proceeded with the sale despite notice from his home inspector that the foundation had cracks that caused some settlement concerns.

The defendant's motion for judgment notwithstanding the verdict did not ask the trial court to address the sufficiency of the evidence to support the jury's verdict in favor of the plaintiff. Because these evidentiary claims are therefore not properly before us, we decline to address them. See *Mack* v. *LaValley*, 55 Conn. App. 150, 157, 738 A.2d 718, cert. denied, 251 Conn. 928, 742 A.2d 363 (1999).

The judgment is affirmed.

In this opinion the other judges concurred.